**CASINO MAGIC CORP., Appellant,**

v.

**Terri KING, Appellee.**

**No. 05–99–01436–CV.**

Court of Appeals of Texas, Dallas.

Jan. 9, 2001.

Adam Lee Potter, Adams and Reese, LLP, Fred Lee Butler, Houston, for appellant.

Juan A. Marquez, Julia F. Pendery, Cowles & Thompson, P.C., Dallas, Shawn Malcolm McCaskill, Cowles & Thompson, Dallas, for appellee.

Before Justices LAGARDE, KINKEADE, and WHITTINGTON.

## OPINION ON REHEARING

WHITTINGTON, Justice.

We vacate our December 12, 2000 opinion and the judgment dated December 1, 2000. This is now the opinion of the Court.

In this restricted appeal, Casino Magic Corporation challenges an order holding it liable for past due child support and related expenses. In five issues, Casino Magic contends the trial judge erred in (i) denying its special appearance; (ii) holding it liable for overdue support, "related expenses," and attorney's fees; and (iii) modifying the amount of withholding required for child support, medical insurance premiums, and "monthly accruing medical expenses." In an additional issue, Casino Magic contends the evidence is legally and factually insufficient to support the trial judge's finding that Casino Magic was Frank Beard's "employer" at the time of the withholding order and, thus, was liable for the overdue child support. For the reasons set forth below, we reverse the trial court's March 1, 1999 order. We render judgment that King take nothing on her claims under that order.[1]

### BACKGROUND

In October 1996, Terri King filed a "Petition to Establish the Parent Child Relationship." In the petition, King sought to have Henry (Hank) Beard, Jr. named the biological father of King's son, I.T. In addition, King sought (i) appointment as I.T.'s sole managing conservator, (ii) an order requiring "regular" and "retroactive" child support, and (iii) an order requiring all child support to be "withheld from disposable earnings pursuant to Section 14.43(b)" of the Texas Family Code. In response to the petition, Beard filed a general denial and requested paternity testing.

Sometime thereafter, the trial judge held a hearing on King's petition and, in April 1997, entered an order declaring Beard to be I.T.'s father. The order also appointed King managing conservator and ordered Beard to pay past and future child support as well as various medical costs/premiums and attorney's fees. On the same day, the trial judge entered an "income withholding" order, directing Beard's "employer" to withhold income from Beard's disposable earnings to satisfy Beard's child support obligations. The order instructed the employer to (i) notify the court if Beard ceased employment with the employer, or (ii) notify King's attorney if Beard was no longer employed with the employer "at the time of this notice."

Almost a year later, in February 1998, King filed a "Motion to Enforce Child Support Wage Withholding Order." In the motion, King alleged (i) Beard had not paid child support as required by the court's April 1997 order; (ii) at the time the original suit was filed, Beard was employed by Casino Magic of Louisiana, a subsidiary of Casino Magic; (iii) at the time the withholding order was entered, Beard was employed by another Casino Magic subsidiary, Casino Magic Neuquen City, Argentina; (iv) Casino Magic retained "substantial control" over its subsidiaries' employment practices; (v) Casino Magic had been served with copies of the

---

1. For clarity, the "claims" in this case all stem from King's November 30, 1998 Motion to Enforce Child Support Wage Withholding Order.

wage withholding order as well as the order establishing paternity; and (vi) contrary to the court's order, Casino Magic had not withheld any money from Beard's wages. In her prayer, King sought an order requiring Casino Magic to comply with the wage withholding order.

In March 1998, the trial judge held a hearing on King's motion. On May 13, 1998, the judge entered an order obligating Casino Magic to pay King's past due child support. In the order, the judge specifically found Casino Magic (i) had received "sufficient and proper" notice, (ii) was a "valid and existing employer" of Beard, (iii) had been "noticed" with the withholding order, (iv) had failed to withhold wages as required by the order, and (v) was therefore liable for the amounts that should have been withheld. The court's order required Casino Magic to pay King $14,439.60 in past due support plus attorney's fees and court costs. Casino Magic did not appeal this order.

Later, in November 1998, King again filed a "Motion to Enforce Child Support Wage Withholding Order" against Casino Magic. In this motion, King reiterated that Casino Magic retained "substantial control" over its subsidiaries' employment practices and that it was, therefore, liable for failing to comply with the court's previous withholding order. Again, King asked the judge to order Casino Magic to comply with the April 1997 order. The judge set this motion for hearing in February 1999; however, immediately prior to the hearing, Casino Magic filed a special appearance contesting the court's jurisdiction.[2] In the motion, Casino Magic asserted, among other things, that it (i) was not a Texas corporation; (ii) had never been authorized to conduct, nor had it ever conducted, business in the State of Texas; and (iii) did not maintain an office or registered agent in Texas. Based on its lack of "minimum contacts" with the state, Casino Magic argued the court lacked personal jurisdiction over it and the special appearance should, therefore, be granted.

The trial judge did not rule on the special appearance prior to the February hearing. Nor did he rule on it during the February hearing. In fact, the record from the hearing shows very little transpired during the hearing. No witnesses were called to testify, no evidence was admitted by the trial judge, and Casino Magic did not appear. Instead, at the end of the hearing, the trial judge simply told King's attorney that if he would "bring [the trial judge] an Order, or if [King's attorney] had one, [he would] sign it ." On March 1, 1999, the trial judge signed an order denying Casino Magic's special appearance and requiring Casino Magic to pay King $36,951.85 in delinquent child support plus attorney's fees and court costs. The order also purported to "amend" the April 1997 withholding order by requiring the withholding of $99.50 per month in medical insurance premiums and $150 per month in "accruing medical expenses." Approximately five and one-half months later, Casino Magic filed this restricted appeal.[3]

---

**2.** According to a letter sent by Casino Magic's attorney to the trial judge, Casino Magic filed the motion the morning of the hearing, but the motion was not presented or argued to the trial judge at that time. However, King's attorney did notify the judge during the February hearing that he had received "some papers" from Casino Magic's attorney indicating Casino Magic "wanted" to file a special appearance to contest the court's jurisdiction. According to the record, nothing more was discussed about the special appearance at that time.

**3.** The notice of restricted appeal specifically states that appeal is being taken from the March 1, 1999 order.

## SPECIAL APPEARANCE

■ In its first issue, Casino Magic contends the trial judge erred in denying its special appearance motion. Under this point, Casino Magic argues that denying the motion was improper because the record in this case contains no evidence or, alternatively, insufficient evidence to show Casino Magic had sufficient contacts with the State of Texas to justify the exercise of jurisdiction over it. After reviewing the record in this cause, we cannot agree with Casino Magic.

■ Rule 120a of the Texas Rules of Civil Procedure governs special appearances. See TEX.R.CIV.P. 120a. That rule requires special appearances to be made by "sworn motion." TEX.R.CIV.P. 120a(1). Strict compliance with the rule is required. See Slater v. Metro Nissan, 801 S.W.2d 253, 254 (Tex.App.—Fort Worth 1990, writ denied). A trial judge does not err in denying an unsworn special appearance. See Villalpando v. De La Garza, 793 S.W.2d 274, 276 (Tex.App.—Corpus Christi 1990, no writ).

In this case, the special appearance was not sworn or verified. Although Casino Magic attached an affidavit to the special appearance which set out various "jurisdictional facts," in that affidavit Casino Magic's general counsel stated only that the allegations in the *affidavit* were true and correct, not that the facts set out in the *special appearance* were true and correct. In addition, the special appearance included a number of jurisdictional "facts" which the witness failed to attest to in the affidavit. Under these circumstances, we conclude the affidavit did not strictly comply with rule 120a and it, therefore, could not serve to verify the special appearance. Because the special appearance was not "sworn" or "verified" as required by rule 120a, we conclude the trial judge did not err in denying the special appearance. See Villalpando, 793 S.W.2d at 276.[4] We resolve Casino Magic's first issue against it.

## THE MAY 1998 ORDER

■ In its fifth issue, Casino Magic challenges the trial court's May 13, 1998 order holding Casino Magic liable for $14,439.60 in overdue child support plus $2,128 in attorney's fees. Under this issue, Casino Magic contends we must reverse the trial court's order because the evidence is legally and factually insufficient to support the awards made in that order. After reviewing the record, we conclude we have no jurisdiction to address this point.

This is a restricted appeal. Rule 30 of the rules of appellate procedure requires a notice of appeal in a restricted appeal to be filed within six months of the date the judgment or order complained of is signed. See TEX.R.APP.P. 30; see also TEX.R.APP.P. 26.1(c). In this case, the notice of restricted appeal was filed more than fifteen months after the signing of the May 13, 1998 order, and the notice itself specifically stated that Casino Magic intended to appeal only the March 1, 1999 order. Because the notice of appeal in this case was not filed within the six-month period provided by rule 30, we conclude we have no jurisdiction to address any issues related to the May 1998 order.[5] Accordingly, we dismiss Casino Magic's fifth issue.

---

4. We note, in this regard, that although a defective special appearance may be amended to cure any defects, see TEX.R.CIV.P. 120a(1), no such amendment was made or attempted in this case.

5. We note additionally that Casino Magic has cited no authority in support of its argument on this point and, for that reason as well, no reversal on this point is warranted. See TEX. R.APP.P. 38.1(h) (requiring brief to include

## THE MARCH 1999 ORDER

■ In its remaining four issues, Casino Magic challenges the legal and factual sufficiency of the evidence to support various fact findings and monetary awards made by the trial judge in his March 1, 1999 order. Under these points, Casino Magic contends there was no evidence or, alternatively, insufficient evidence to support (i) the finding that Casino Magic was Beard's employer; (ii) the award of past due child support, "related expenses," and attorney's fees; and (iii) the trial court's decision to modify "the amount of child support withholding, medical insurance premiums and monthly accruing medical expenses" called for in the April 1997 order. Because we find the first point dispositive, we need not address the remaining points.

■ When, as here, no findings of fact or conclusions of law are requested or filed, we imply all necessary findings in support of the trial court's judgment. *See Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex.1992).[6] However, when a reporter's record is included in the record on appeal, the implied findings may be challenged for legal and factual sufficiency. *See Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex.1989) (per curiam); *see also Heine*, 835 S.W.2d at 84. We review implied findings by the same standards we use in reviewing the sufficiency of the evidence to support a jury's answers or a trial court's fact findings. *See Roberson*, 768 S.W.2d at 281.

When, as in this case, the appellant is challenging the legal sufficiency of the evidence to support a finding on which it did not have the burden of proof at trial, the appellant must demonstrate on appeal that no evidence exists to support the adverse finding. *See Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex.1983); *Westech Eng'g, Inc. v. Clearwater Constructors, Inc.*, 835 S.W.2d 190, 196 (Tex.App.—Austin 1992, no writ). When reviewing the record, we look to see whether any evidence supports the challenged finding. *See Mercer v. Bludworth*, 715 S.W.2d 693, 697 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.), *overruled on other grounds by Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 894 (Tex.1991). If more than a scintilla of evidence exists to support the finding, the legal sufficiency challenge fails. *See Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex.1998); *Westech Eng'g*, 835 S.W.2d at 196.

By contrast, when an appellant challenges the factual sufficiency of the evidence on an issue on which it did not have the burden of proof, the appellant must demonstrate the evidence is insufficient to support the adverse finding. *See Westech Eng'g*, 835 S.W.2d at 196. In reviewing this point, we consider, weigh, and examine all the evidence presented at trial. *See Plas-Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 445 (Tex.1989). We set aside a finding for factual insufficiency only if the evidence supporting the finding is so weak as to be clearly wrong and manifestly unjust. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986) (per curiam).

clear and concise argument for contentions made, with appropriate citations to authority and record).

6. Although the court's March 1999 order includes various statements that could be interpreted as "fact findings," these "findings" do not constitute true "fact findings" because they were not separately filed as required by Texas Rule of Civil Procedure 299a. *See* TEX. R.CIV.P. 299a (requiring findings of fact to be separately filed and *not* simply recited in judgment). Accordingly, we use the standard of review applicable to cases where no findings have been requested or filed.

■ In this case, Casino Magic argues that (i) the record contains no evidence of an employment relationship between Casino Magic and Beard that would justify the imposition of liability on Casino Magic for past due child support, and (ii) imposing liability on Casino Magic was therefore improper. After reviewing the record in this cause, we are compelled to agree. During the hearing on King's motion to enforce, King presented no evidence in support of the relief she requested. She called no witnesses to testify, and she did not offer a single exhibit into evidence. Nor did she testify on her own behalf. Instead, her attorney simply stood before the judge and stated that Beard was an employee of Casino Magic. This is not evidence of an employment relationship between Casino Magic and Beard. *See In re Doe 3*, 19 S.W.3d 300, 305 (Tex.2000) (Gonzales, J., concurring) (noting that unsworn statements by attorneys are not evidence); *Eckerdt v. Frostex Foods, Inc.*, 802 S.W.2d 70, 71 (Tex.App.—Austin 1990, no writ) (per curiam) (same). Thus, the trial judge could not have relied on this statement in making his implied finding that an employment relationship existed and Casino Magic was, therefore, liable for failing to withhold child support.[7] Because we conclude there was no actual *evidence* in the record showing Casino Magic to be Beard's employer, we conclude the evidence is legally insufficient to support the trial court's March 1, 1999 award in favor of King. The absence of any evidence in the record to support the trial court's award constitutes error apparent on the face of the record, *see Norman Communications v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex.1997) (per curiam) (noting that "face of record" includes statement of facts and legal sufficiency review is therefore appropriate in writ of error appeal), and reversal is therefore required.[8]

For the reasons stated, we resolve Casino Magic's second issue in its favor. Our disposition of the second issue makes it unnecessary for us to consider Casino Magic's remaining issues. *See* Tex. R .App.P. 47.1. We reverse the trial court's March 1, 1999 order. We render judgment that King take nothing on her claims against Casino Magic under the March 1, 1999 order.

---

**7.** In addition, we note that although King's attorney also indicated during the hearing that Beard actually worked for various Casino Magic subsidiaries, King never presented any evidence showing why, if this was in fact true, Casino Magic should be held liable for the actions/inactions of its subsidiaries. *Lucas v. Tex. Indus., Inc.*, 696 S.W.2d 372, 374 (Tex. 1984) (noting that, as general rule, parent corporation is not liable for acts of subsidiaries); *see also Castleberry v. Branscum*, 721 S.W.2d 270, 271–72 (Tex.1986) (listing instances when protections provided by corporate form may be disregarded and corporate veil "pierced").

**8.** The parties do not dispute that the other elements required for a restricted appeal have been met. *See DSC Fin. Corp. v. Moffitt*, 815 S.W.2d 551, 551 (Tex.1991) (listing elements of writ of error appeal); *Fowler v. Quinlan Indep. Sch. Dist.*, 963 S.W.2d 941, 943 (Tex. App.—Texarkana 1998, no pet.) (restricted appeal).