Randy SUTTON, Appellant,

v.

HISAW & ASSOCIATES GENERAL CONTRACTORS, INC. and Richard L. Hisaw Individually, Appellees.

No. 05–01–00002–CV.

Court of Appeals of Texas, Dallas.

Nov. 30, 2001.

Rehearing Overruled Jan. 14, 2002.

Robert Smith Morris, Hammerle Law Firm, Denton, for Appellant.

Jeffrey Robert Sandberg, McGuire, Craddock & Strother, P.C., Dallas, for Appellees.

Before Justices KINKEADE, MARTIN RICHTER, and FRANCIS.

## OPINION

MARTIN RICHTER, Justice.

In this restricted appeal, Randy Sutton contends the trial court erred in rendering a post-answer default judgment in favor of Hisaw & Associates General Contractors, Inc. and Richard L. Hisaw individually (collectively Hisaw), because the evidence is legally and factually insufficient. We agree with Sutton that the evidence is legally insufficient and, therefore, reverse the trial court's judgment.

### BACKGROUND

Hisaw was the general contractor for a construction project to build a field house for the Carrollton Independent School District. Hisaw hired D.R. Contractors as a subcontractor to perform electrical work

on the field house. Sutton was an employee of D.R. Contractors. In performing this subcontracting work, D.R. Contractors purchased materials from Crawford Electric Supply Company (Crawford). Subsequently, Sutton signed two partial lien releases stating that, as of particular dates, all materials used in building the field house were paid for. Sutton signed these lien releases as "co-owner of D.R. Contractors." These facts are undisputed.

Hisaw makes various other allegations in the petition. The petition states Hisaw paid D.R. Contractors for its work, primarily based on the assertions in the liens. Subsequently, Hisaw received notice from Crawford that it had not been paid for the materials D.R. Contractors used on the field house. Crawford eventually filed suit against Hisaw and recovered a judgment in the amount of $148,398.38.

Hisaw then instituted this lawsuit against Sutton and others to recover the damages awarded in the Crawford suit. Hisaw asserted causes of action for fraud, breach of contract, quantum meruit, and indemnity by express agreement. Sutton filed a general denial. Sutton did not appear for trial, and the trial court rendered a post-answer default judgment. Three months later, after the time expired for filing a traditional appeal, Sutton filed a notice of restricted appeal.

### DISCUSSION

■ In issue one, Sutton contends he has met the requirements for a restricted appeal. A restricted appeal is a direct attack on the trial court's judgment. *Gen. Elec. Co. v. Falcon Ridge Apartments Joint Venture*, 811 S.W.2d 942, 943 (Tex. 1991). A restricted appeal must (1) be brought within six months after the trial court signs the judgment, (2) by a party to the suit who did not participate in the actual trial, and (3) the error complained of must be apparent on the face of the record. *Norman Communications v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997). In a restricted appeal, an appellant is afforded the same scope of review as an ordinary appeal, which includes a review of the entire case. *Id.* A review of the entire case includes a review of legal and factual sufficiency claims. *Id.*

Hisaw concedes Sutton has met the first two requirements for a restricted appeal, and we agree. Sutton brought the appeal within six months of the judgment. He was also a party to the suit, but did not participate in the trial. Therefore, we resolve issue one in Sutton's favor and have jurisdiction to review the record to determine whether there is error on the face of the record.

In issue two, Sutton challenges the legal and factual sufficiency of the evidence to support the trial court's judgment. Sutton contends there was no evidence or, alternatively, insufficient evidence to establish the essential elements of Hisaw's fraud cause of action.

■ A legal sufficiency, or no-evidence point of error, is a question of law. *R.S. v. B.J.J.*, 883 S.W.2d 711, 715 (Tex. App.—Dallas 1994, no writ). An appellant who is challenging the legal sufficiency of the evidence must demonstrate that no evidence exists to support the judgment. *Casino Magic Corp. v. King*, 43 S.W.3d 14, 19 (Tex.App.—Dallas 2001, pet. denied). In reviewing a legal sufficiency point of error, we look to see whether any evidence supports the judgment. *See id.* If there is more than a scintilla of evidence, we uphold the judgment. *See id.* In contrast, when an appellant challenges the factual sufficiency of the evidence, the appellant must establish the evidence is factually insufficient to support the judgment. *See id.* In reviewing such issues, we con-

sider all the evidence presented at trial. *See R.S.*, 883 S.W.2d at 715. We may only set aside a finding for factual insufficiency if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See id.*

In this case, Sutton argues there is no evidence, or factually insufficient evidence, to support the judgment. Specifically, Sutton contends Hisaw presented insufficient evidence of reliance and damages.

■ A fraud cause of action requires: (1) a material misrepresentation, (2) that was either known to be false when made or was asserted without knowledge of its truth, (3) which was intended to be acted upon, (4) which was relied upon, and (5) which caused injury. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex.2001) (citing *Formosa Plastics Corp. U.S.A. v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex.1998)).

After Sutton did not appear for trial, Hisaw moved for a default judgment. At the default judgment hearing, Hisaw called no witnesses to testify. Instead, Hisaw offered the following: (1) the contract between D.R. Contractors and Hisaw, (2) two partial waivers of liens signed by Sutton as co-owner of D.R. Contractors, (3) a transcript of Sutton's testimony in a different case, (4) a judgment from a different case, and (5) an affidavit of attorney's fees.

■ We now review this evidence presented at the hearing to determine whether Hisaw presented any evidence of the essential elements of his fraud cause of action. In the petition, Hisaw contends he paid Sutton for the materials and labor based on the assertions in the waivers, particularly the assertion that all materials had been paid for. At the hearing on the default judgment, Hisaw presented the waivers, but presented no evidence establishing that he paid Sutton based on any

assertions in the waivers. Therefore, Hisaw presented no evidence that he relied on any misrepresentations. In addition, Hisaw contends Crawford sued him for payment of materials D.R. Contractors used on the field house and recovered a judgment in the amount of $148,398.38. However, while Hisaw offered a judgment in a suit between Crawford and Hisaw awarding this exact amount of damages, he did not present any evidence tying this judgment to any actions of Sutton. Therefore, there is no evidence of injury caused by any misrepresentation. Because we conclude there is no evidence in the record of either reliance or damages caused by any misrepresentation, we conclude the evidence is legally insufficient to support the trial court's judgment in favor of Hisaw based on his fraud cause of action.

■ Hisaw also asserted causes of action for breach of contract, quantum meruit, and indemnity by express agreement. The elements of a breach of contract action are (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) damages sustained by the plaintiff as a result of the breach. *Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 593 (Tex.App.—Houston [14th Dist.] 2000, no pet.). We have already concluded Hisaw failed to establish any damages as a result of any actions caused by Sutton. Therefore, Hisaw failed to present any evidence of one of the elements of a breach of contract action and, thus, failed to present legally sufficient evidence to establish a breach of contract.

■ The elements of a quantum meruit claim include proof of (1) valuable services that were rendered or materials furnished, (2) for the person sought to be charged, (3) which services and materials were accepted by the person sought to be charged, used, and enjoyed by him, (4)

under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged. *Bashara v. Baptist Mem'l Hosp. Sys.*, 685 S.W.2d 307, 310 (Tex.1985). Hisaw presented no evidence that he presented services or materials to Sutton. Therefore, there is legally insufficient evidence to establish a quantum meruit cause of action.

■ Finally, as to Hisaw's cause of action for indemnity by express agreement, we acknowledge that the partial waiver of lien provides at least some evidence of an agreement for Sutton to indemnify Hisaw for any damages "sustain[ed] by reason of labor performed and/or materials and supplies furnished ... on said project." However, Hisaw presented no evidence to support his allegation he was sued for materials that were not paid for by D.R. Contractors and Sutton. Without evidence of such a suit, there is no evidence Sutton is liable for failure to indemnify. Therefore, there is legally insufficient evidence to establish a cause of action for indemnity.

The absence of any evidence to support at least one element of each of Hisaw's causes of action constitutes error apparent on the face of the record. *See Casino Magic Corp.*, 43 S.W.3d at 20. We resolve Sutton's second issue in his favor.

### CONCLUSION

Our disposition of Sutton's second issue makes it unnecessary for us to consider his remaining issues. *See* Tex.R.App. P. 47 .1. Having concluded there is legally insufficient evidence to support the judgment, we are required to reverse and render. *See Nat'l Life Accident Ins. Co. v. Blagg*, 438 S.W.2d 905, 909 (Tex.1969). We reverse the trial court's judgment and render judg-

ment that Hisaw take nothing on his claims against Sutton.