SIEMENS AG and Siemens S.A. DE C.V., Appellants,

v.

HOUSTON CASUALTY COMPANY, Comision Federal De Electricidad and Seguros Comercial America, S.A. DE C.V., Appellees.

No. 05–03–00933–CV.

Court of Appeals of Texas, Dallas.

Feb. 19, 2004.

David S. Coale, Fletcher L. Yarbrough, Jennifer Evans Morris, Carrington, Coleman, Sloman, & Blumenthal L.L.P., Dallas, for Appellant.

Charles T. Frazier, Jr., Gregory J. Lensing, Sim Israeloff, Cowles & Thompson, P.C., Dallas, Michael Paul Nassif, Houston, for Appellee.

Before Justices WHITTINGTON, JAMES, and O'NEILL.

## OPINION

Opinion by Justice O'NEILL.

In this interlocutory appeal, appellants Siemens AG and Siemens S.A. de C.V. appeal an order denying their special appearance in a suit brought by appellees Houston Casualty Company, Comision Federal de Electricidad and Seguros Comercial America, S.A. de C.V. In a single issue, appellants contend the trial court erred in denying their special appearance. For the following reasons, we affirm the trial court's order.

The claims at issue in this case arise from two turbine failures at a power plant located in Valladolid Mexico that occurred in 1997 and 1999. The power plant is owned by appellee Comision Federal de Electricidad (CFE), the Mexican national utility company. The power plant was built by appellants Siemens AG and Siemens S.A. de C.V. (Siemens Mexico). Siemens A.G. is a German company with its principal places of business in Munich and Berlin, Germany. Siemens Mexico is a Mexican company with its principal place of business in Mexico City. CFE was insured by appellee Seguros Comercial America, S.A. de C.V. who in turn was reinsured by appellee Houston Casualty Company. Consequently, Houston Casualty paid reinsurance claims for damages stemming from the power plant failures. Houston Casualty is a Texas company with its principal place of business in Houston, Texas.

CFE, Seguros, and Houston Casualty subsequently sued Siemens A.G., Siemens Mexico and others in Texas state court seeking recovery for damages arising out of the power plant failures. Appellees alleged the trial court had general personal jurisdiction over Siemens A.G. and Siemens Mexico because they both did business in Texas.

Appellants Siemens A.G. and Siemens Mexico filed a special appearance asserting the trial court did not have personal jurisdiction over them. Appellants' brief in support of the special appearance specifically alleged no general jurisdiction existed because assertion of jurisdiction over them would violate traditional notions of fair play and substantial justice. Siemens relied upon the fact that this dispute concerned an injury caused by foreign companies in a foreign country to a foreign power plant. Notably, nothing in appellants' brief alleged that appellants' contacts with

Texas were not sufficiently continuous and systematic to support general jurisdiction. The trial court denied the special appearance.

In this appeal, appellants generally contend the trial court erred in denying their special appearance. After reviewing the record, we conclude appellants have failed to show the trial court committed error because (1) appellants' motion was deficient, and (2) appellants did not meet their burden of proof.

### DEFECTIVE MOTION

■ The record before us shows that appellants' special appearance was not sworn or verified. Rule 120a of the Texas Rules of Civil procedure requires a special appearance be made on sworn motion. *See* TEX.R. CIV. P. 120a. In *Casino Magic Corp. v. King*, 43 S.W.3d 14, 18 (Tex.App.-Dallas 2001, pet. denied), this Court held that strict compliance with rule 120a is required and that a trial court does not err in denying an unsworn special appearance. Because the special appearance in *Casino Magic* was not sworn or verified, we summarily affirmed the trial court's denial of it. *Id.* at 18. In this case, as in *Casino Magic*, appellants' special appearance was not sworn or verified. Therefore, we cannot conclude the trial court erred in denying it. *Id.*

### PERSONAL JURISDICTION

■ Even if appellants' motion were not defective, we would nevertheless conclude appellants did not meet their burden to negate jurisdiction. The plaintiff bears the initial burden of pleading sufficient allegations to bring a nonresident defendant within the provisions of the Texas long-arm statute. *See BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 793 (Tex.2002). A defendant must then negate all bases for personal jurisdiction

alleged by the plaintiff. *Marchand*, 83 S.W.3d at 793; *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 203 (Tex.1985).

A Texas court may exercise jurisdiction over a nonresident defendant if (1) the Texas long-arm statute authorizes the exercise of jurisdiction, and (2) the exercise of jurisdiction is consistent with the due process clause of the United States constitution. *See Marchand*, 83 S.W.3d at 795. The Texas long-arm statute permits Texas courts to exercise jurisdiction over a nonresident that "does business" in Texas. TEX. CIV. PRAC. & REM.CODE ANN. § 17.042 (Vernon 1997). The broad language of the long-arm statute permits a Texas court to exercise jurisdiction as far as the federal constitution will permit. *Marchand*, 83 S.W.3d at 795. Consequently, in determining whether jurisdiction exists, we need only determine whether the exercise of jurisdiction comports with the due process clause of the United States Constitution. *See City of Riverview, Michigan v. Am. Factors Inc.*, 77 S.W.3d 855, 857 (Tex.App.-Dallas 2002, no pet.).

The due process clause permits a court to exercise jurisdiction over a nonresident defendant if (1) the defendant has purposefully established minimum contacts with the forum state, and (2) the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). To determine whether the assertion of jurisdiction comports with fair play and substantial justice, we evaluate the defendant's contacts in light of (1) the burden on the defendant, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial systems interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering substantive social policies. *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 228 (Tex.1991). When an "international dispute" is involved, the following factors should also be considered: (1) the unique burdens placed upon the defendant who must defend itself in a foreign legal system, and (2) the procedural and substantive policies of other nations whose interests are affected as well as the federal government's interest in its foreign relations policies. *See Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 115, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987); *Guardian Royal*, 815 S.W.2d at 229.

Only in rare cases will the exercise of jurisdiction not comport with fair play and substantial justice when the defendant has purposefully established minimum contacts with the forum state. *Guardian Royal*, 815 S.W.2d at 231. Thus, when such contacts exist, a defendant must present a compelling case that the existence of other factors would render jurisdiction unreasonable. *Guardian Royal*, 815 S.W.2d at 230.

After reviewing the record in this case, we conclude appellants did not meet their burden to negate all bases of jurisdiction. Initially, contrary to appellants' contention, appellees' petition sufficiently alleged general jurisdiction over appellants existed. Specifically, appellees pleaded that general jurisdiction existed because Siemens A.G. and Siemens Mexico were "doing business" in Texas. This is sufficient to bring appellees within the provisions of the Texas long-arm statute. *See El Puerto de Liverpool, S.A. de C.V. v. Servi Mundo Llantero S.A. de C.V.*, 82 S.W.3d 622, 629 (Tex.App.-Corpus Christi 2002, pet. dism'd w.o.j.). To the extent appellant sought more specific allegations,

they were required to raise that complaint in a motion to quash, not by special appearance. *See id.* Because appellees petition was sufficient to allege general jurisdiction, it was appellants' burden to negate that such jurisdiction existed. *See Marchand,* 83 S.W.3d at 793; *Middleton,* 699 S.W.2d at 203.

Appellants' special appearance was originally supported by affidavits showing, among other things, that neither Siemens A.G. nor Siemens Mexico (1) was authorized to do business in Texas, (2) had a place of business in Texas, or (3) owned property in Texas. Appellants, however, subsequently withdrew these affidavits. Appellants have presented no other evidence in support of their special appearance to establish their lack of contacts with Texas.[1] Nevertheless, appellants assert their due process rights would be violated if a Texas court asserted jurisdiction over them because of the foreign nature of the dispute. They rely on *Asahi* and *Guardian Royal.* However, the fairness issues outlined in *Asahi* and *Guardian Royal* must be evaluated in light of the minimum contacts otherwise shown to exist. *See Burger King v. Rudzewicz,* 471 U.S. 462, 476, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *see also Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.,* 84 F.3d 560, 568–69 (2d Cir.1996); *Ticketmaster–New York, Inc. v. Alioto,* 26 F.3d 201, 210 (1st Cir.1994). Without any showing of the extent and nature of the contacts appellants have with Texas or that such contacts do not exist, we are unable to balance the various *Asahi* and *Guardian Royal* fairness factors

against those contacts. Nor can we conclude that no matter how numerous or extensive appellants contacts with Texas may be, it would be unreasonable to require them to defend in a Texas court.

Further, even if we could properly analyze the *Asahi* and *Guardian Royal* fairness factors without reference to minimum contacts, we would still conclude appellants did not meet their burden. Appellants were required to present a "compelling case" that the existence of other factors renders jurisdiction unreasonable. *Guardian Royal,* 815 S.W.2d at 230. These other factors consist of (1) the burden on appellants, (2) Texas's interest in adjudicating the dispute, (3) appellees' interest in obtaining convenient and effective relief, (4) any unique burdens placed on appellants by defending in a foreign legal system, and (5) the procedural and substantive policies of Germany and Mexico and our federal government's interest in its foreign relations policies. *Guardian Royal,* 815 S.W.2d at 229.[2]

Although appellants generally assert these factors show no personal jurisdiction over them exists, they presented no evidence germane to most of the factors. Specifically, appellants presented no evidence of any burdens that would be placed upon them by litigating in Texas.[3] Appellants presented no evidence that appellees could obtain convenient and effective relief if jurisdiction is rejected. Appellants presented no evidence that any procedural or substantive policies of Mexico or Germany would be adversely affected by assertion of jurisdiction over Siemens. Appellants pre-

---

1. Appellants do direct us to evidence presented by appellees in an effort to show appellees evidence did not establish minimum contacts. It was, of course, appellants burden to show their lack of minimum contacts with Texas. *See Markham v. Diversified Land & Exploration Co.,* 973 S.W.2d 437, 440 (Tex.App.-Austin 1998, pet. denied).

2. The factors concerning the interests of the several states are not at issue in this foreign dispute.

3. Nor is any such burden apparent from evidence of their lack of contacts with Texas.

sented no evidence of any adverse effect on our federal government's interest in foreign relations if jurisdiction is asserted. Instead, to meet their burden, appellants rely entirely on the lack of an interest Texas has in this foreign dispute. Siemens thus appears to be focusing on the rights of Texans not to be burdened with this litigation. However, the dispositive issue in this case is whether *appellants'* due process rights would be violated by their being required to litigate here. Consideration of Texas's interest is often important in making this determination. This is because the interests of the forum state will frequently justify the "severe burden" placed upon a nonresident defendant. *See Asahi*, 480 U.S. at 114, 107 S.Ct. 1026; *Guardian Royal*, 815 S.W.2d at 232. However, absent any showing that requiring appellants to litigate in Texas would be unduly burdensome or otherwise unfair to appellants, whether this suit should be in a Texas court is an issue better addressed in a motion to dismiss for forum non convenience. *See, e.g., Gulf Oil v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Berg v. AMF, Inc.*, 29 S.W.3d 212, 217 (Tex.App.-Houston [14th Dist.], no pet.). After reviewing the entire record, we conclude appellants have not presented a compelling case that the existence of other factors would render jurisdiction unreasonable. *Guardian Royal*, 815 S.W.2d at 230.

In reaching this decision, we necessarily reject appellants' assertion that this Court's opinion in a prior mandamus constitutes law of the case on the jurisdictional issue now before us. Appellant Houston Casualty filed a petition for writ of mandamus in this Court complaining that the trial court had prohibited it, on comity grounds, from obtaining general jurisdiction discovery from appellants. This Court issued a memorandum opinion and order stating only that Houston Casualty "failed to show itself entitled to the relief requested." *See In re Houston Casualty Co.*, 05–02–00414–CV, slip op. at 1, 2002 WL 413797 (Tex.App.-Dallas March 18, 2002, orig. proceeding).

According to appellants, our opinion and order on the writ of mandamus constitutes law of the case that general jurisdiction does not exist over appellants. The "law of the case" doctrine mandates that the ruling of an appellate court on a question of law raised on appeal will be regarded as the law of the case in all subsequent proceedings unless clearly erroneous. *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (2003). It applies only if the issues of law and fact are substantially the same in the second proceeding as the first. *See Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex.1986). In this case, appellants have failed to show this Court made any determination with respect to general jurisdiction in the mandamus. Therefore, they have failed to show the trial court's denial of the special appearance violates the law of the case doctrine.

We resolve the sole issue against appellants and affirm the trial court's order.