OPINION HEADING PER CUR 









                NO. 12-05-00173-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

 

 

TIMOTHY
HOSACK,           §          APPEAL FROM THE 

APPELLANT

 

V.        §          COUNTY
COURT AT LAW OF

 

CITIBANK
(SOUTH DAKOTA), N.A.,

APPELLEE   §          ANDERSON
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM
OPINION

            Timothy Hosack appeals a summary judgment awarding money
damages to Appellee, Citibank (South Dakota), N.A. (Citibank).  Hosack presents fifteen issues on appeal
regarding service of citation, jurisdiction, venue, the granting of the summary
judgment, due process, and a plea in intervention.  We affirm.

Background








            Hosack obtained a credit card from Citibank and used the
card to make purchases.  He did  not make payments as required by the terms of
his agreement with Citibank.  The total
balance due on Hosack’s credit card account was $15,403.73, according to the
verified statement of account filed with Citibank’s original petition and
motion for summary judgment.  In response
to the lawsuit, Hosack filed a document entitled “Defendant’s General Denial
and Express Refutation of Plaintiff’s Original Petition.”  Citibank filed a traditional motion for
summary judgment.  See Tex. R. Civ. P.  166a(c). 
Hosack did not file a response to this motion for summary judgment.  However, Hosack’s father, Charles R. Hosack
(hereinafter referred to as “father”) filed a plea in intervention in this
case.  The father also filed an “Intervenor’s
Procedural and Factual Objections to Plaintiff’s Motion for Summary Judgment as
a Matter of Law.”  The court sent a
notice to Citibank, Hosack, and the father setting the motion for summary judgment
and plea of intervention for a telephonic hearing on February 22, 2005.  

            The trial court began the February 22 hearing by
considering the father’s pleading in intervention.  The father indicated his primary reason for
filing the plea in intervention was so that he could represent Hosack, his son,
in this lawsuit.  A further reason the
father gave for intervening in this matter was that his credit had been
adversely affected.  The trial court
denied the father’s plea in intervention and proceeded to grant a judgment in
favor of Citibank for $15,403.73 along with attorney’s fees, court costs, and
postjudgment interest at the rate of five percent per annum.  Hosack filed a motion for new trial, which
was denied by operation of law.  Hosack
timely filed this appeal.  His father did
not appeal the denial of his plea in intervention.

 

Service of Citation

            In his first and sixth issues, Hosack contends that he
was not properly served with citation. 
Deputy Sheriff Keith Session of Anderson County, Texas showed on his
officer’s return of citation that Hosack had been served in Palestine by
serving his father.  However, the filing
of an answer dispenses with the necessity of service of citation.  Burrow v. Arce, 997 S.W.2d 229,
246 (Tex. 1999).  Any problem with the
service of citation in this case was resolved by Hosack’s written general
denial.  Hosack’s issues one and six are
overruled.  

 

Jurisdiction

            In his second, third, and ninth issues, Hosack contends
that the trial court did not have jurisdiction in this case because he was
living and working outside the State of Texas during the pendency of this
lawsuit.  To challenge the personal
jurisdiction of a court, a party must file a special appearance with the trial
court.  See Tex. R. Civ. P. 120a.  Special appearances must be made by “sworn
motion.”  Tex. R. Civ. P. 120a(1); see also Casino Magic Group v.
King, 43 S.W.3d 14, 18 (Tex. App.–Dallas 2001, pet. denied) (op. on reh’g).  In the first paragraph of Hosack’s “General
Denial and Express Refutation of Plaintiff’s Original Petition,” he uses
language that could be interpreted as a special appearance.  However, this document was unsworn.  If Hosack intended the first paragraph of
this document to be considered a special appearance, the trial judge did not err
in not considering it as such because it was not “sworn” or “verified” as
required by rule 120a.  See King,
43 S.W.3d at 18.  We overrule Hosack’s
second, third, and ninth issues.  

Venue








            In his fourth issue, Hosack contends that venue was
improper in Anderson County, Texas.  The
general venue rule in Texas is that a lawsuit shall be brought in the county of
a defendant’s residence at the time the cause of action accrued if the
defendant is a natural person.  See Tex. Civ. Prac. & Rem. Code Ann.§15.002
(Vernon 2002).  The plaintiff is given
the first choice of venue in the filing of the lawsuit.  Wilson v. Texas Parks and Wildlife Dep’t,
886 S.W.2d 259, 260 (Tex. 1994).  If the
plaintiff’s venue choice is not properly challenged through a motion to
transfer, the propriety of venue is fixed in the county chosen by the
plaintiff.  Northern Natural Gas
Co. v. Chisos Joint Venture I, 142 S.W.3d 447, 451 (Tex. App.–El Paso
2004, no pet.); Tex. Civ. Prac. &
Rem. Code Ann. § 15.063 (Vernon 2002); Tex.
R. Civ. P. 86.1.  The issue of
venue is not raised if it is not properly challenged.  See Tex.
R. Civ. P. 86; Wilson, 886 S.W.2d at 260.

            Here, Hosack never filed a motion to challenge venue of
Citibank’s lawsuit.  Therefore, Hosack
did not properly challenge venue in Anderson County, Texas.  Hosack’s fourth issue is overruled.

Summary Judgment

            In his fifth issue, Hosack contends that the trial court
improperly granted Citibank’s motion for summary judgment.  He argues that the court’s case file
contained his defenses and exculpatory information sufficient to offset
Citibank’s allegations and complains that the trial court ignored this
information.

            To prevail on a traditional summary judgment motion, a
movant must show that no genuine issue of material fact exists and that he is
entitled to judgment as a matter of law. 
Southwestern Elec. Power Co. v. Grant, 73 S.W.3d 211, 215
(Tex. 2002).  We take as true all
evidence favorable to the nonmovant and indulge every reasonable inference and
resolve any doubts in the nonmovant’s favor. 
Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex.
1999).  We are not required to ascertain
the credibility of affiants or to determine the weight of evidence in the
affidavits, depositions, exhibits, and other summary judgment proof.  See Gulbenkian v. Penn, 151
Tex. 412, 417, 252 S.W.2d 929, 932 (Tex. 1952). 
The only question is whether or not an issue of material fact is
presented.  See Tex. R. Civ. P. 166a(c); see also American
Petrofina, Inc. v. Allen, 887 S.W.2d 829, 830 (Tex. 1994) (to defeat a
summary judgment, a party must present sufficient summary judgment evidence to
raise a fact issue).  

            Summary judgment based on the uncontroverted affidavit of
an interested witness is proper if the evidence is clear, positive, direct,
otherwise credible, free from contradictions and inconsistencies, and could
have been readily controverted.  Tex. R. Civ. P. 166a(c); Trico
Techs. Corp. v. Montiel, 949 S.W.2d 308, 310 (Tex. 1997). The phrase “could
have been readily controverted” does not mean that the summary judgment
evidence could have been easily and conveniently rebutted, but rather indicates
that the testimony could have been effectively countered by opposing
evidence.  Id.  A trial court’s only duty at the summary
judgment stage is to determine if a material question of fact exists.  Huckabee v. Time Warner Entm’t Co.,
L.P., 19 S.W.3d 413, 422 (Tex. 2000). 


            Citibank attached an affidavit to its motion for summary
judgment establishing  that Hosack owed
it $15,403.73.  Because he did not file a
response, Hosack did not contradict Citibank’s evidence and therefore failed to
raise a fact issue.  See Allen,
887 S.W.2d at 830.  The trial court did
not err by granting Citibank’s motion for summary judgment.  Hosack’s fifth issue is overruled.  

Due Process

            In his twelfth, thirteenth, fourteenth, and fifteenth
issues, Hosack argues that the trial court violated his constitutional right to
due process during the course of  the
proceedings.  Hosack contends that he did
not have actual notice of the summary judgment hearing and that it was improper
for the trial court to hold such hearing by telephone.  

            Actual notice is not and has never been the standard for
determining whether due process has been afforded a litigant.  Withrow v. Schou, 13 S.W.3d 37,
40 (Tex. App.–Houston [14th Dist.] 1999, pet. denied).  Due process only requires giving notice that
is reasonably calculated, under the circumstances, to apprise interested
parties of the pendency of the action and afford them the opportunity to
present their objections.  Peralta
v. Heights Med. Ctr., Inc., 485 U.S. 80, 84, 108 S. Ct. 896, 899, 99 L.
Ed. 2d 75 (1988).  In the instant case,
Hosack had been mailed notice of the summary judgment hearing at the mailing
address that was on his Citibank account and at which he had been served the
original petition.  In his answer, Hosack
failed to give an address.  Texas Rule of
Civil Procedure 21a sets up a presumption that when notice of trial setting,
properly addressed and postage prepaid, is mailed, the notice was duly received
by the addressee.  Cliff v. Huggins,
724 S.W.2d 778, 780 (Tex. 1987).  This
presumption may be rebutted by an offer of proof of nonreceipt.  Id.  In the absence of evidence to the contrary,
the presumption has the force of a rule of law. 
Id.  Hosack
presented no evidence to the trial court that he did not receive Citibank’s
motion for summary judgment with a notice of hearing on the motion sent to him
by the Anderson County clerk’s office. 
Therefore, as a rule of law, we must presume that he received notice of
the summary judgment and the setting of the hearing for the motion for summary
judgment.  See Tex. R. Civ. P. 21a; see also Cliff,
724 S.W.2d at 780.

            Hosack further contends that it was improper for the
trial court to hold the summary judgment hearing by telephone.  Texas Rule of Civil Procedure 166a(c)
provides that “no oral testimony shall be received” on a motion for summary
judgment.  Tex. R. Civ. P. 166a(c). 
A hearing on a motion for summary judgment is purely one of law.  Cronen v. Nix, 611 S.W.2d 651,
652 (Tex. App.–Houston [1st Dist.] 1980, writ ref’d n.r.e.).  The trial court must decide the merits of the
motion based on the pleadings, discovery responses, stipulations, and any sworn
affidavits.  Tex. R. Civ. P. 166a(c); Cronen, 611 S.W.2d at
652.   Hosack had the opportunity to file
a written response to Citibank’s summary judgment motion and to argue legal
issues on that motion.  This is all that
due process requires.  See Mullane
v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S. Ct.
652, 657, 94 L. Ed. 865 (1950).  Hosack’s
issues twelve, thirteen, fourteen, and fifteen are overruled.  

 

Plea in Intervention

            In his seventh, eighth, tenth, and eleventh issues,
Hosack contends that the trial court erred in denying the plea in intervention
filed by his father.  Hosack contends
that if the trial court had granted his father’s plea in intervention, he would
have had legal representation.  Hosack
further contends that the trial court’s failure to allow his father’s
intervention also negatively affected his father’s credit because his father
was secondarily liable on his Citibank credit card. 

            At the hearing on his plea of intervention, Hosack’s
father represented to the trial court that he had once been a licensed Texas
attorney but had not been licensed for seven years.  Courts have the inherent power to inquire
into the qualifications of those persons practicing law therein.  Magaha v. Holmes, 886 S.W.2d
447, 448 (Tex. App.–Houston [1st Dist.] 1994, orig. proceeding).  This power is essential to the fair
administration of justice and an orderly discharge of the judicial
function.  Id.  Only those persons who are members of the
Texas state bar may practice law in Texas. 
Tex. Gov’t Code Ann. § 81.102(a)
(Vernon 2005); Jimison by Parker v. Mann, 957 S.W.2d 860, 861
(Tex. App.–Amarillo 1997, no writ).  It
is not an abuse of a trial court’s discretion to refuse to allow a father who
is not licensed to practice law to represent his son in court.  See Magaha, 886 S.W.2d at
448.  It was therefore proper for the
trial court to deny the father’s plea in intervention in Hosack’s lawsuit,
which was an attempt to provide his son improper legal representation.  

            Hosack also contends that his father’s plea in
intervention should have been granted because this lawsuit by Citibank affected
his father’s credit rating.  An appealing
party may not complain of errors that do not injuriously affect him or that
merely affect the rights of others.  Torrington
Co. v. Stutzman, 46 S.W.3d 829, 843 (Tex. 2000).  A party’s personal interest must be
prejudiced before he has standing to appeal an issue.  See Hunt v. Bass, 664 S.W.2d
323, 324 (Tex. 1984).  In the instant
case, Hosack’s father’s credit rating is not an issue that is personal to
Hosack. We hold Hosack does not have standing to appeal the denial of his
father’s plea in intervention.  Hosack’s
issues seven, eight, ten, and eleven are overruled.  

Disposition   

            Having overruled Hosack’s fifteen issues, the judgment of
the trial court is affirmed.

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

Opinion
delivered April 5, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 

 

 

 

 

 

 

 

 

 

(PUBLISH)