**AFFIRMED and Opinion Filed August 30, 2024**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-23-00470-CV

**SHAUN MCGRUDER, PBC MEARS HOLDINGS, LLC, PBC MEARS CO-INVESTORS, L.P., PBC MEARS CO-INVESTORS GP, L.P., PBC GP IV, LLC, AND PALM BEACH CAPITAL MANAGEMENT IV, LLC, Appellants**
**V.**
**DR. RICHARD BENAVIDES, GET IT HOLDINGS, LLC; AND GET ME, LLC F/K/A/ GET IT OPERATING, LLC, Appellees**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-02983**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Goldstein
Opinion by Justice Goldstein

Appellees Dr. Richard Benavides, Get It Holdings, LLC, and Get Me, LLC sued appellants for aiding and abetting a breach of fiduciary duty, knowingly participating in a breach of fiduciary duty, and conspiracy to breach a fiduciary duty. Appellants challenged the trial court's exercise of personal jurisdiction via special appearances supported by affidavits. On appeal, appellants argue the trial court erred

when it denied their special appearances.[1] We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.2(a).

## DISCUSSION

### I. STANDARD OF REVIEW

We review a trial court's exercise of personal jurisdiction over a nonresident defendant de novo. *Steward Health Care Sys. LLC v. Saidara*, 633 S.W.3d 120, 125 (Tex. App.—Dallas 2021, no pet.) (en banc). When a trial court does not issue findings of fact and conclusions of law with its special appearance ruling, all facts necessary to support the judgment and supported by the evidence are implied. *Id.* "When the relevant facts in a case are undisputed, an appellate court need not

---

[1] Specifically, appellants present five sub-issues supporting their position:

1. When parties to a transaction specifically structured the transaction to avoid Texas jurisdiction (via contribution of assets and funding to Delaware entities based in Florida), did the trial court err in denying appellants' respective special appearances?

2. When the only contacts between any appellant and Texas alleged by appellees are electronic communications in which McGruder negotiated the transaction while outside of Texas, coupled with conclusory allegations that he committed torts in Texas within those electronic communications, did the trial court err in denying the appellants' respective special appearances?

3. When appellees alleged appellants directed a tort at Texas, without any evidence to meet the narrow exception requiring the alleged jurisdictional contacts create a continuing and substantial relationship with Texas, did the trial court err in denying appellants' respective special appearances?

4. When appellees relied on agreements and facts from which their tort claims did not arise, did the trial court err in denying appellants' respective special appearances?

5. Would the assertion of personal judication over appellants in this situation, when they had only tenuous contacts with Texas made solely to negotiate a transaction for contribution of assets and funding to Delaware entities based in Florida, comport with traditional notions of substantial justice and fair play for due process purposes?

–2–

consider any implied findings of fact and considers only the legal question of whether the undisputed facts establish Texas jurisdiction." *Id.* at 126.

## II. APPLICABLE LAW

"A court must have personal jurisdiction over a defendant to issue a binding judgment." *LG Chem Am., Inc. v. Morgan*, 670 S.W.3d 341, 346 (Tex. 2023). Trial courts may exercise personal jurisdiction over a nonresident defendant if it is (1) authorized by the Texas long-arm statute, and (2) consistent with federal due-process guarantees. *Id.* (internal citations omitted). The Texas long-arm statute "reaches as far as the federal constitutional requirements for due process will allow." *State v. Volkswagen Aktiengesellschaft*, 669 S.W.3d 399, 412 (Tex. 2023). For example, the Texas long-arm statute permits a trial court to exercise personal jurisdiction over a defendant who (1) contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state; (2) commits a tort in whole or in part in this state; or (3) recruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state. TEX. CIV. PRAC. & REM. CODE § 17.042.

A nonresident defendant may challenge the court's personal jurisdiction by filing a special appearance. *See* TEX. R. CIV. P. 120a. The plaintiff bears the initial burden to plead sufficient allegations to bring the defendant within the long-arm statute's reach. *LG Chem*, 670 S.W.3d at 346. The burden then shifts to the defendant to negate all bases of personal jurisdiction alleged by the plaintiff. *Id.* "The defendant

can meet this burden on either a factual or legal basis." *Id*. To challenge the plaintiff's allegations on a factual basis, the defendant "can present evidence that contradicts the plaintiff's factual allegations supporting the assertion of personal jurisdiction," at which point the burden shifts to the plaintiff to "respond with its own evidence supporting its allegations." *Id*.

### III. ANALYSIS

Appellees alleged the trial court had personal jurisdiction over appellants because they "(1) do business in Texas; (2) entered into contracts in Texas that required performance in Texas; and (3) committed torts in Texas." Notably, appellees' petition did not allege appellants recruit Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state; thus, we limit our long-arm jurisdiction analysis to appellees' allegations concerning contracts and torts. *See Saidara*, 633 S.W.3d at 129 ("[T]he allegations on which the plaintiff bases the exercise of jurisdiction over the defendant must be in the petition.").

Appellees generically alleged appellants "entered into contracts in Texas that required performance in Texas." Assuming without deciding that appellees' unchallenged pleading is not impermissibly conclusory, this allegation satisfied their initial burden and shifted the burden to appellants to negate it. *LG Chem*, 670 S.W.3d at 346.

In their special appearances, appellants filed affidavits signed by McGruder that admitted to participation in the March 2018 transaction and stated, "[a]t the time . . . I did not execute any agreement related to the Mears Transaction on behalf of myself or any of the named defendants from within the State of Texas."[2] While McGruder's affidavit denies executing agreements from within Texas, it fails to contradict appellees' allegation that appellants "entered into contracts in Texas that required performance in Texas." Thus, appellants' uncontradicted allegation supports their assertion of personal jurisdiction (*see* TEX. CIV. PRAC. & REM. CODE § 17.042(1)) and we need not address the remaining issues. *See* Tex. R. App. P. 47.1; *Casino Magic Corp. v. King*, 43 S.W.3d 14, 19 (Tex. App.—Dallas 2001, pet. denied) (sub. op.); *cf. Huynh v. Nguyen*, 180 S.W.3d 608, 620 n.5 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (concluding it was unnecessary to examine a second ground to affirm the trial court's denial of a special appearance when the first ground was sufficient); *Ambassador Med., Inc. v. Camacho*, No. 13-99-753-CV, 2000 WL 562039, at *5 (Tex. App.—Corpus Christi-Edinburg May 4, 2000, no pet.) (mem. op.) (same).

As the nonresident defendants, appellants had the burden to negate "all bases of jurisdiction." *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 574 (Tex. 2007) (citing *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 793 (Tex.

---

[2] When attesting on behalf of a legal entity, McGruder stated: "no one acting on [entity's] behalf executed any agreement related to the Mears Transaction from within the State of Texas."

2002)). Appellants failed to do so. Thus, we need not delve into a due process analysis to determine whether they had minimum contacts with Texas and whether jurisdiction complies with traditional notions of fair play and substantial justice. *OpenGate Cap. Grp., LLC v. Sitsa Logistics, Inc.*, No. 13-17-00531-CV, 2019 WL 3023320, at \*3 (Tex. App.—Corpus Christi–Edinburg July 11, 2019, pet. denied) (mem. op.) (citing *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 414 S.W.3d 142, 151 (Tex. 2013)); *see also* TEX. R. APP. P. 47.1.

## CONCLUSION

We affirm the trial court's order denying appellants' special appearance.

230470f.p05

/Bonnie Lee Goldstein//
BONNIE LEE GOLDSTEIN
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

SHAUN MCGRUDER, PBC
MEARS HOLDINGS, LLC, PBC
MEARS CO-INVESTORS, L.P.,
PBC MEARS CO-INVESTORS GP,
L.P., PBC GP IV, LLC, AND PALM
BEACH CAPITAL
MANAGEMENT IV, LLC,
Appellants

No. 05-23-00470-CV      V.

DR. RICHARD BENAVIDES, GET
IT HOLDINGS, LLC; AND GET
ME, LLC F/K/A/ GET IT
OPERATING, LLC, Appellees

On Appeal from the 160th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-22-02983.
Opinion delivered by Justice
Goldstein. Justices Molberg and
Pedersen, III participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees DR. RICHARD BENAVIDES, GET IT HOLDINGS, LLC; AND GET ME, LLC F/K/A/ GET IT OPERATING, LLC recover their costs of this appeal from appellants SHAUN MCGRUDER, PBC MEARS HOLDINGS, LLC, PBC MEARS CO-INVESTORS, L.P., PBC MEARS CO-INVESTORS GP, L.P., PBC GP IV, LLC, AND PALM BEACH CAPITAL MANAGEMENT IV, LLC.

Judgment entered this 30th day of August 2024.

–7–