**KYTEL INTERNATIONAL GROUP, INC., Appellant**

v.

**RENT–A–CENTER, INC., Appellee.**

**No. 05–03–01593–CV.**

Court of Appeals of Texas, Dallas.

April 29, 2004.

Charles L. Stinneford, Jeffrey Ross Bale, Sugar Land, for Appellant.

Diane K. Lettelleir, Winstead, Sechrest & Minick, P.C., Dallas, for Appellee.

Before Justices MORRIS, FITZGERALD, and FRANCIS.

## OPINION

Opinion by Justice MORRIS.

In this interlocutory appeal, appellant Kytel International Group, Inc. appeals an order denying its special appearance in a lawsuit for declaratory relief and damages brought by appellee Rent–A–Center. In a single issue, Kytel contends the trial court erred in denying its special appearance because it does not have sufficient contacts with Texas. For the reasons that follow, we affirm the trial court's order.

Rent–A–Center is a Delaware corporation headquartered in Plano, Texas with stores across the United States. Kytel is a telecommunications service provider incorporated in Delaware with its principal place of business in New York. The parties' dispute arose after Rent–A–Center discovered its long distance service for all of its telephone lines nationwide had been switched to a new carrier. In their petition, Rent–A–Center alleged it never authorized the switch and that Kytel used

forms purportedly signed by a manager of a single Rent–A–Center store in New York to switch the long distance service for all telephone lines in Rent–A–Center stores nationwide over to Kytel. Rent–A–Center further alleged the trial court had personal jurisdiction over Kytel because it did business in Texas by advertising its telecom services to Texas residents through its web site, providing telecom services to Texas residents, and committing a tort, in whole or part, in Texas.

Kytel filed a special appearance contesting the trial court's exercise of personal jurisdiction over it. Specifically, Kytel contended it was not a resident of Texas, did not conduct any business activity in Texas, did not purposefully direct its activities to Texas, and appellee's cause of action did not arise from or relate to Kytel's contacts with Texas.

■ Before reviewing the merits of the trial court's ruling on Kytel's special appearance, we first address a defect in Kytel's motion. Rule 120a of the Texas Rules of Civil Procedure requires a special appearance be made on sworn motion. *See* TEX.R. CIV. P. 120a. We have previously held that rule 120a requires strict compliance and, therefore, a trial court does not err in denying an unsworn special appearance. *See Casino Magic Corp. v. King,* 43 S.W.3d 14, 18, (Tex.App.-Dallas 2001, pet. denied). Like the special appearance before the court in *Casino Magic,* Kytel's special appearance was neither sworn nor verified. Accordingly, we cannot conclude the trial court erred in denying it. *See id.*

■ Even absent this defect in Kytel's motion, however, we would still conclude the trial court did not err in denying Kytel's special appearance. The Texas long-arm statute delineates when a Texas court may exercise personal jurisdiction over a nonresident defendant. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 17.041–

17.069 (Vernon 1997 & Supp.2004). The broad language of our long-arm statute authorizes the exercise of personal jurisdiction so long as it meets federal due process requirements. *BMC Software Belgium, N.V. v. Marchand,* 83 S.W.3d 789, 795 (Tex.2002). Due process is satisfied when the defendant has minimum contacts with the forum state and the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice. *Id.* The minimum contacts analysis requires us to determine whether the nonresident defendant purposefully availed itself of the privilege of conducting activities within the forum state, thereby invoking the benefits and protections of its laws. *See Magic House AB v. Shelton Beverage L.P.,* 99 S.W.3d 903, 908 (Tex.App.-Dallas 2003, no pet.).

A defendant's contacts with the forum state can give rise to either general or specific jurisdiction. *CSR Ltd. v. Link,* 925 S.W.2d 591, 595 (Tex.1996). In the case before us, we limit our jurisdictional review to the issue of specific jurisdiction because the parties agree that Kytel is not subject to Texas's general jurisdiction. Specific jurisdiction is created when the defendant's alleged liability arises from or is related to its contacts within the forum. *Marchand,* 83 S.W.3d at 796. As a nonresident defendant challenging personal jurisdiction, Kytel has the burden of negating all bases of personal jurisdiction. *Magic House,* 99 S.W.3d at 909.

■ The exercise of personal jurisdiction over a nonresident is ultimately a question of law that often requires the resolution of factual issues as well. *Marchand,* 83 S.W.3d at 794. We review the trial court's fact findings for legal and factual sufficiency but conduct a de novo review of its legal conclusions. *Id.* Because the trial court did not file findings of

fact and conclusions of law in the case, we must imply all facts necessary to uphold the trial court's order so long as they are supported by the evidence. *Id.* at 795.

The record before us shows that Kytel undertook to provide long distance service for Rent–A–Center locations nationwide, including its stores in Texas. There was documentary evidence of two Kytel order forms identifying Rent–A–Center in Plano, Texas as its customer. The customer billing and service addresses listed on the Kytel forms were for Rent–A–Center's corporate headquarters in Plano, Texas. These forms also contained a "Letter of Authorization" naming Kytel as Rent–A–Center's long distance carrier and appointing "[Kytel's] affiliated companies as agent ("the Agent") to provide to the undersigned including, without limitation, removing, adding to or rearranging such telecommunications service." There was deposition testimony from Kytel's president that although Kytel did not actually operate a network in Texas, it purchased long distance from Alliance Group, another long distance carrier, to provide service to Rent–A–Center's Texas locations and other locations outside Kytel's service area. The president also testified that Kytel sent an order form to Alliance Group with Rent–A–Center billing telephone numbers that Kytel had obtained from Rent–A–Center's web site (including numbers located in Texas) directing Alliance to switch the existing long distance carrier for these numbers to Alliance's network. Moreover, the record contains a letter to Rent–A–Center's Plano headquarters on Kytel letterhead welcoming Rent–A–Center to Kytel's network. Finally, there are several Kytel billing invoices sent to Rent–A–Center's Plano headquarters containing Kytel's bank wire information. Based on the jurisdictional facts before us, we conclude the trial court could have concluded Kytel had the requisite minimum contacts with

Texas to have reasonably anticipated being called into a Texas court for causes of action relating or arising out of their long distance service contract with Rent–A–Center.

In reaching this conclusion, we specifically reject Kytel's assertion that the following facts negate specific jurisdiction: (1) the Rent–A–Center long distance service contract was negotiated and signed in New York, (2) it was Alliance Group who actually switched and provided the long distance services for the Texas numbers, and (3) the bills received by Rent–A–Center's Plano headquarters were prepared by North American Communications Control, a separate entity that Kytel used as their billing company. The record is clear that it was Kytel who organized and controlled the switch in Rent–A–Center's long distance service. It is this switch that forms the basis of Rent–A–Center's claims against Kytel. The fact that Kytel accomplished this task without entering Texas does not prevent the exercise of personal jurisdiction against it so long as it purposefully directed certain activities toward this State and the present litigation arises from those activities. *See Schlobohm v. Schapiro,* 784 S.W.2d 355, 357 (Tex.1990).

■ Having concluded that Kytel demonstrated the requisite minimum contacts, we must next determine whether the assertion of specific jurisdiction comports with traditional notions of fair play and substantial justice. Only in rare cases will the exercise of jurisdiction not meet this test when the nonresident defendant has purposefully established minimum contacts with the forum state. *See Guardian Royal Exch. Assurance Ltd. v. English China Clays, P.L.C.,* 815 S.W.2d 223, 228 (Tex. 1991). When such contacts have been demonstrated, the defendant must present a compelling case that the existence of

other factors would render jurisdiction unreasonable. *Id.* at 230.

In analyzing this issue, we examine the following five factors: (1) the burden on the defendant, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Id.* at 228.

Kytel argues that being haled into a Texas court would offend traditional notions of fair play and substantial justice because all of its employees, representatives, and witnesses live and work in New York, Rent–A–Center has offices in New York, and New York has a greater interest and would provide more convenient and effective relief in resolving this lawsuit. We disagree. At the heart of this case is the alleged unauthorized switching of long distance service of Texas telephone lines. Although in may be inconvenient for Kytel to litigate this matter in Texas, all other factors weigh in favor of a Texas court's exercise of jurisdiction.

We conclude Kytel has failed to demonstrate the trial court reversibly erred in denying its special appearance because its special appearance was not sworn or verified and there was ample evidence from which the trial court could conclude Kytel had sufficient contacts with Texas to justify the exercise of personal jurisdiction and that the exercise of such jurisdiction would be consistent with traditional notions of fair play and substantial justice.

We affirm the trial court's order denying Kytel's special appearance.