**PROSPEROUS MARITIME CORP. and OCS Services (India) Ltd.—Division: Nortrans Maritime Services, Appellants,**

v.

**Paramjit FARWAH, Individually and as Representative of the Estate of Ravinderpal Farwah, and as Next Friend of Minor Children, Simran Farwah, Amrit Farwah, Harman Farwah, Swaran Farwah, and Sarvinder Farwah, Appellees.**

No. 09–05–387 CV.

Court of Appeals of Texas, Beaumont.

Submitted Jan. 26, 2006.

Decided March 30, 2006.

Robert L. Klawetter, Justin W.R. Renshaw, Eastham, Watson, Dale & Forney, LLP, Houston, for appellants.

John Bradley Mitchell, Jeffrey D. Roberts, Brady E. Ortego, Roberts Markel Guerry, PC, Houston, Terry W. Wood, Terry W. Wood, PC, Beaumont, for appellees.

Before McKEITHEN, C.J., GAULTNEY, and HORTON, JJ.

## OPINION

HOLLIS HORTON, Justice.

This is an interlocutory appeal from the denial of a special appearance. See Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(7) (Vernon Supp.2005); Tex.R. Civ. P. 120a. We affirm in part and dismiss in part.

### Background

During the discharge of its cargo on June 11, 2004, several crew members from the crude oil tanker M.T. SEATRANS-PORT decided to travel into Port Arthur, Texas, to purchase items for themselves and for the vessel's crew. Inside the port's terminal, the crew members met Fredesvinda Seagler, d/b/a Vinda Service, who was selling phone cards. Seven of the crew members agreed to pay her to take them to town. After dropping them off in town, Seagler returned to shuttle them to various locations in Port Arthur. Upon Seagler's return, Juan Esparza was driving Seagler's car, and Seagler was in the front seat. Esparza, whom the crew members had not previously met, then drove the crew members to various Port Arthur locations and ultimately returned to take them to the ship. When Esparza arrived for the return trip to the ship, Seagler was not in the car. During the return trip, a vehicle struck the car driven by Esparza. The accident resulted in injuries to several of Esparza's passengers, including Ravinderpal Farwah, whose injuries were fatal.

Farwah's wife, Paramjit, their three children, and Ravinderpal Farwah's parents (hereafter, the "Farwahs") sued many defendants including Prosperous Maritime Corp. ("Prosperous") and OCS Services (India) Ltd.—Division: Nortrans Maritime Services ("OCS"). Both Prosperous and OCS are nonresidents and filed special appearances.

The court heard Prosperous's and OCS's special appearances on July 20, 2005 and subsequently denied the special appearances on September 8, 2005 by written order. Although the trial court initially filed findings of fact and conclusions of law, it vacated these findings and conclusions on February 13, 2006.

### Standard of Review

■ When, as here, the record contains no final findings of fact and conclusions of law, we infer any necessary facts that the evidence supports in favor of the party that prevailed under the trial court's judgment. See *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002); *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990). We review the trial court's legal conclusions de novo. *BMC*, 83 S.W.3d at 794. We will affirm the trial court's judgment on any legal theory finding support in the evidence. See *id.* (stating that if trial court's conclusion of law is incorrect, but trial court rendered proper judgment, its erroneous legal conclusion does not require reversal); *SITQ E.U.,*

*Inc. v. Reata Restaurants, Inc.*, 111 S.W.3d 638, 645(Tex.App.Fort Worth 2003, pet. denied); *Fish v. Tandy Corp.*, 948 S.W.2d 886, 892 (Tex.App.Fort Worth 1997, writ denied).

A Texas court may exercise personal jurisdiction over nonresident defendants Prosperous or OCS to the extent consistent with due process and the long-arm statute. *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex.1991). Personal jurisdiction over a nonresident exists if the nonresident defendant's contacts are sufficient to support either specific or general jurisdiction. *BMC*, 83 S.W.3d at 795. Whether a court has personal jurisdiction over a defendant is a question of law. *Id.* at 794. A jurisdictional issue may frequently require that a trial court resolve a question of fact in deciding whether it possesses jurisdiction over the controversy. *Id.*

In Texas, a nonresident that challenges a court's exercise of personal jurisdiction over it must negate each basis upon which the court could exercise jurisdiction. *Id.* at 793. By filing a special appearance, a nonresident challenges the trial court's exercise of jurisdiction. Tex.R. Civ. P. 120a. Rule 120a requires that nonresidents present a special appearance "by sworn motion," and allows that it "may be amended to cure defects." *Id.* Rule 120a further provides that "[e]very appearance, prior to judgment, not in compliance with this rule is a general appearance." *Id.*

If a defendant makes a general appearance, a trial court can exercise jurisdiction over that defendant without violating the defendant's due process rights. *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 201 (Tex.1985) (recognizing that Rule 120a is a limited exception to general Texas rule that appearance for any purpose subjects defendant to court's jurisdiction). Before the Texas Supreme Court's promulgation of Rule 120a in 1962, a nonresident's appearance following proper service of process under Texas law subjected the nonresident to the court's jurisdiction even when the nonresident made the appearance in an attempt to contest personal jurisdiction. *York v. State of Texas*, 137 U.S. 15, 11 S.Ct. 9, 34 L.Ed. 604 (1890); *Atchison, Topeka & Santa Fe Ry. Co. v. Stevens*, 109 Tex. 262, 206 S.W. 921 (1918); see also E. Wayne Thode, In Personam Jurisdiction; Article 2031B, The Texas "Long–Arm" Jurisdiction Statute; and the Appearance to Challenge Jurisdiction in Texas and Elsewhere, 42 Tex. L.Rev. 279 (1964). Thus, historically, Rule 120a is an exception to Texas law that defendants who appear in Texas subject themselves to the court's jurisdiction.

Although not raised or argued by the Farwahs, our review of the record reveals that the Special Appearances filed by Prosperous and OCS were unsworn. Although Prosperous attached the affidavit of Vincent Li to its Special Appearance, the Li affidavit does not recite that the allegations of Prosperous's Special Appearance are true and correct. Likewise, the affidavit of Pravin Gupte attached to OCS's Special Appearance does not recite that the allegations of OCS's Special Appearance are true and correct. The Li and Gupte affidavits verify the facts in the affidavit, but not the motion.

The rule requires that a special appearance "shall be made by sworn motion." Tex.R. Civ. P. 120a (emphasis added). A trial court does not err in denying a nonresident's special appearance when it does not strictly comply with Rule 120a's requirements. *Casino Magic Corp. v. King*, 43 S.W.3d 14, 18 (Tex.App.-Dallas 2001, pet. denied). When the affidavits attached to special appearance pleadings

do not state that the facts set out in the pleadings are true and correct, and state only that the facts in the affidavits are true and correct, the affidavits do not verify the special appearance. *Casino Magic,* 43 S.W.3d at 18. In Casino Magic, the Dallas Court of Appeals found no error in the trial court's denial of a special appearance when the nonresident attached an affidavit to its special appearance but the affidavit verified only the facts in the affidavit. *Id.* Other cases also have upheld the trial court's denial of special appearances based on the nonresidents' failure to file a sworn motion. See *Kytel Intern. Group, Inc. v. Rent–A–Center, Inc.,* 132 S.W.3d 717, 719(Tex.App.—Dallas 2004, no pet.); *Siemens AG v. Houston Cas. Co.,* 127 S.W.3d 436, 439 (Tex.App.-Dallas 2004, no pet.).

On one prior occasion, under circumstances that differ from those in this record, the Beaumont Court of Appeals held that the parties' failure to raise the issue of a defective special appearance resulted in the issue of jurisdiction being tried by consent. *General Refractories Co. v. Martin,* 8 S.W.3d 818, 820 n. 1 (Tex.App.—Beaumont 2000, pet. denied). In Martin, as here, the trial court denied the defendant's special appearance. *Id.* at 819. However, in Martin, the record in the trial court demonstrated that the defendant's contacts were sufficient to allow the trial court to exercise specific jurisdiction over it, and therefore, there was no harm to either of the parties under the record on appeal in the appellate court's reaching the merits of whether the trial court could properly exercise jurisdiction over the defendant. *Id.* at 822.

Here, however, the record before us does not demonstrate that the trial court had specific or general jurisdiction over these defendants. Thus, we are confronted with a situation where there is potential harm to both parties by either applying or by ignoring the requirements of the rules. There is a harm to the plaintiffs in reversing a trial court's order when technically it was correct. See *BMC,* 83 S.W.3d at 794. There is potential harm to the defendants because applying the rule's requirement that appearances be sworn potentially deprives them of their right to cure their defective special appearances before making a general appearance, as contemplated by Rule 120a. Tex.R. Civ. P. 120a; *Dawson–Austin v. Austin,* 968 S.W.2d 319, 322 (Tex.1998).

Because Prosperous's and OCS's special appearances were not sworn, we conclude the trial court did not err in denying their special appearances. We note that Rule 120a appears to permit amendments to cure defects, although we expressly do not decide whether an amendment can cure the defect under the circumstances here, as that issue has not been briefed or argued before the trial court or on appeal. Likewise, there appears to be no obstacle to the Farwahs' development of a more complete record regarding the jurisdictional issue in the event the defendants pursue another hearing on amended and sworn special appearances.

Because their special appearances were defective, the trial court did not abuse its discretion in denying their special appearances. Therefore, we overrule issues one through three.

### Forum–Selection Clause

■ In its fourth issue, OCS and Prosperous argue that the trial court erred in refusing to enforce a forum-selection clause providing that Bombay, India would be the situs to resolve disputes that might arise with employees of the Maritime Union of India ("MUI"). The decedent, Ravinderpal Farwah, was a member of the MUI. The agreement between OCS and

MUI containing the forum-selection clause provides:

[OCS] and MUI agree that any dispute arising out of this Agreement can and should be resolved through friendly negotiations. If every effort has been exerted to resolve such conflicts and if no solution is found, the same may be brought for judicial resolution at Bombay, applying Indian law.

The MUI acted as the exclusive representative of all Indian Officers, including the decedent, when it entered a collective bargaining with OCS.

OCS and Prosperous argue that the forum-selection clause in the collective bargaining agreement is mandatory. The Farwahs argue that it is merely permissive. We do not reach the issue of whether the forum-selection clause is mandatory or permissive.

■■■■■ While a Texas court may enforce a valid forum-selection clause and thereby require the parties to litigate their dispute in the jurisdiction agreed to by the parties, the existence of a forum-selection clause does not generally deprive the forum of jurisdiction over parties. "Generally, a forum-selection clause operates as consent to jurisdiction in one forum, not proof that the Constitution would allow no other." *Michiana Easy Livin' Country, Inc. v. Holten,* 168 S.W.3d 777, 792 (Tex. 2005). As a result, courts do not require that a party file a special appearance to perfect its right to enforce a forum-selection clause. *In re AIU Ins. Co.,* 148 S.W.3d 109, 121 (Tex.2004).

Although the Farwahs do not assert that Prosperous and OCS do not enjoy the right to an interlocutory appeal from an order denying a request to enforce a forum-selection clause, we conclude no right of interlocutory appeal attaches under the circumstances here. Our jurisdiction over interlocutory appeals is a creature of statutes and is a narrow exception to the general rule that only final judgments and orders are appealable. See Tex. Civ. Prac. & Rem.Code Ann. § 51.014 (Vernon Supp. 2005); *Bally Total Fitness Corp. v. Jackson,* 53 S.W.3d 352, 355 (Tex.2001). The legislature created a limited right to interlocutory appeal in ten specific situations and in other situations when the trial court issues a written order making certain required findings. Tex. Civ. Prac. & Rem. Code Ann. §§ 51.014(a)(1–10), 51.014(d) (Vernon Supp.2005). Here, the trial court's written order denying relief to Prosperous and OCS did not expressly provide for appellants to have a right to appeal the denial of their motions to dismiss, which were based on the forum-selection clause. Further, a court's denying a motion to dismiss based on a forum-selection clause is not within one of the ten listed situations in which the legislature gave a party the right to pursue an interlocutory appeal. Thus, the record shows no statutory basis that gives us jurisdiction over the complaints raised in issue four.

### Conclusion

For the reasons explained above, Prosperous and OCS do not have a right to an interlocutory appeal from that portion of the trial court's order denying their motions to dismiss, which were based on the forum-selection clause. Without expressing any opinion on the merits of any issue raised in issue four, we dismiss that portion of the appeal. With respect to issues one through three in which the nonresidents challenge the trial court's denial of their special appearances, we affirm the trial court's order denying their special appearances.

AFFIRMED IN PART, DISMISSED IN PART.