**Jim WIKERT, Appellant,**

v.

**YEAR ONE, INC., Appellee.**

No. 05–09–01542–CV.

Court of Appeals of Texas, Dallas.

Aug. 12, 2010.

C. Bruce Willis, II, Dallas, TX, for Appellant.

Scott Karl Koelker, Locke, Lord, Bissell & Liddell, LLP, Darren Lee McCarty, Alston & Bird, LLP, Scott W. Self, Dallas, TX, Douglas S. Hasty, Keller, TX, for Appellee.

Before Justices O'NEILL, FRANCIS, and MURPHY.

## OPINION

Opinion By Justice FRANCIS.

Jim Wikert appeals the trial court's order granting Year One Inc.'s special appearance and dismissing with prejudice Wikert's claims against Year One. In a single issue, Wikert claims the trial court erred because it had both general and specific jurisdiction over Year One. We affirm.

On June 12, 2006, Wikert contracted with Douglas Hasty of Unique Motorcars for the production of a motor vehicle designed by Chip Foose of Foose Design, Inc. Two days later, Wikert wired $295,000

to Hasty's business bank account. The car was to be completed by June 12, 2007. When Wikert did not receive the vehicle and was not reimbursed for his payment, he filed this suit.

In his sole issue, Wikert claims the trial court erred in granting Year One's special appearance because the trial court has both general and specific jurisdiction over Year One.

■ Whether a court has personal jurisdiction over a nonresident defendant is a question of law that often requires the resolution of factual issues. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex.2002); *Kytel Int'l Group, Inc. v. Rent–A–Ctr., Inc.*, 132 S.W.3d 717, 719 (Tex.App.-Dallas 2004, no pet.). When, as in this case, the trial court does not issue findings of fact and conclusions of law to support its ruling on a special appearance, we will imply the trial court found all facts necessary to support the judgment that are supported by the evidence. *BMC Software*, 83 S.W.3d at 795.

■ The plaintiff bears the initial burden of pleading sufficient allegations to invoke the provisions of the Texas long-arm statute. *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 807 (Tex.2002). To determine whether the plaintiff satisfied its pleading burden and to determine the basis for jurisdiction alleged by the plaintiff, a court considers the allegations in the plaintiff's petition as well as its response to the defendant's special appearance. *Flanagan v. Royal Body Care, Inc.*, 232 S.W.3d 369, 374 (Tex.App.-Dallas 2007, pet. denied); *see* Tex.R. Civ. P. 120a(3). Except as noted below, upon filing a special appearance the nonresident defendant assumes the burden of negating all bases of personal jurisdiction alleged by the plaintiff. *Am. Type Culture Collection, Inc.*, 83 S.W.3d at 807; *Siskind v. Villa Found. for Educ., Inc.*, 642 S.W.2d

434, 438 (1982). Absent allegations of any specific, purposeful act through which the defendant can be said to have sought a benefit by "availing itself of the jurisdiction," evidence that a defendant is a nonresident is sufficient to meets its burden. *See Hotel Partners v. KPMG Peat Marwick*, 847 S.W.2d 630, 634 (Tex.App.-Dallas 1993, writ denied) (citing *Siskind*, 642 S.W.2d at 438); *see also Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 785 (Tex.2005).

In his third amended petition, Wikert alleged he and Hasty, a Texas resident, entered into a purchase order and sales agreement for. the production of a motor vehicle designed by Foose, a California resident. Wikert alleged he purchased the car because it was designed by Foose. He also alleged Year One, a nonresident corporation located in Georgia, "provided the parts for the vehicle to be built." Wikert alleged that although he was told the motor vehicle had not been completed, it had in fact been completed and was given away to a West Virginia couple in a contest held at the "2007 Good Guys PPG Nationals" in Columbus, Ohio. According to Wikert, the "contest was held with the assistance and promotion of Year One." Because he did not receive the car and did not receive his $295,000 deposit back, Wikert sued Hasty, Foose, C. Foose Design, Inc., Year One, Good Guys Rod & Custom Association, and the West Virginia couple.

Year One filed a special appearance and, subject to the special appearance, a general denial. In its special appearance, Year One asserts it is a Georgia corporation and is not a resident of Texas. Year One also asserts no grounds establish either general or specific jurisdiction over Year One. In support of its special appearance, Stewart Haslam, vice president of marketing and finance for Year One, filed an affidavit testifying he has personal knowledge of

the facts in his affidavit and they are true and correct. He also testifies Year One is a Georgia corporation and is not a resident of Texas. The remainder of Haslam's affidavit supports Year One's assertions that no grounds exist for general or specific jurisdiction over Year One.

▮ Wikert's third amended petition did not allege any specific, purposeful act through which Year One can be said to have sought a benefit by availing itself of the jurisdiction. *See Michiana Easy Livin' Country, Inc.,* 168 S.W.3d at 785. In fact, the only allegations Wikert made against Year One are:

> Year One, Inc. hereinafter referred to as Year One provided the parts for the vehicle to be built.

> The [Ohio] contest was held with the assistance and promotion of Year One, and the car was given to Paul and Ellen Fordyce, who are located in West Virginia.

> Hasty, Chip Foose and Foose Design completed the motor vehicle, did not give the vehicle to Plaintiff, and gave it away through the contest to Paul and Ellen Fordyce, which is still in their possession. This contest was held by Good Guys and sponsored by Year One and Foose Design.

Wikert did not plead sufficient jurisdictional facts to bring Year One within the provision of the Texas long-arm statute and did not file a response to Year One's special appearance; thus, Year One was only required to provide evidence that it is a nonresident. *See Hotel Partners,* 847 S.W.2d at 634. Because Year One presented evidence it is not a resident of Texas, we conclude the trial court did not err in granting Year One's special appearance. We overrule Wikert's sole issue.

We affirm the trial court's order granting Year One's special appearance.