**AFFIRMED; Opinion Filed November 4, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00128-CV

### ESTATE OF ARDYCE DEUEL-NASH, DECEASED

**On Appeal from the Probate Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. PR 13-682-1**

## MEMORANDUM OPINION

Before Justices Francis, Myers, and Thomas[1]
Opinion by Justice Myers

Monte Nash brings this interlocutory appeal of the trial court's order denying his special appearance. Nash brings three issues on appeal contending the trial court lacked general and specific jurisdiction over him and that the exercise of jurisdiction over Nash offended traditional notions of fair play and substantial justice and was inconsistent with the constitutional requirements of due process. We affirm the trial court's judgment.

### BACKGROUND

Nash is a resident of Florida. Nash's wife, Ardyce Deuel-Nash, died in Dallas on February 24, 2013. Two days later, the deceased's daughter, Jennifer Stanton, filed in the Dallas County probate court an application for probate of the deceased's will and for letters

---

[1] The Honorable Linda Thomas, Chief Justice (Ret.), Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

testamentary. In March 2013, Nash filed a plea to the jurisdiction, contending that the Dallas County probate court did not have jurisdiction because the deceased was domiciled and residing in Florida at the time of her death and because she did not have any assets in Texas. Nash also alleged that Stanton was "not a suitable person" under the Texas Probate Code to be an executor.

On May 2, 2013, Nash served the Texas Department of Family and Protective Services with a notice of subpoena requiring the Department to produce all reports concerning the deceased and all documentation and evidence. The Department filed a motion to quash the subpoena. The court held a hearing on the motion to quash on July 1, 2013 and signed an order granting the motion on July 16.

On July 15, 2013, Nash filed a motion for nonsuit of his plea to the jurisdiction. Notwithstanding the motion for nonsuit, the trial court signed an order on July 18 denying Nash's plea to the jurisdiction and stating the court had exclusive jurisdiction to probate the deceased's estate. On July 19, Stanton was appointed executor of the estate and received letters testamentary.

On July 22, July 29, and September 9, 2013, Stanton's attorney sent to Nash's attorney a demand "for the immediate surrender" of the deceased's personal property and her records pursuant to sections 232 and 233 of the probate code.[2] On October 30, 2013, Stanton filed a motion to show cause against Nash and alleged that Nash had failed to surrender all of the deceased's documents as requested and that he had not delivered "any financial personal

---

[2] In 2009 and 2011, the Texas Legislature created the Estates Code, transferred the provisions of the Texas Probate Code into the Estates Code, and repealed the probate code as part of the continuing statutory revision program. Act of May 29, 2011, 82d Leg., R.S., ch. 1338, Tex. Gen. Laws 3884; Act of May 19, 2011, 82d Leg., R.S., ch. 823, 2011 Tex. Gen Laws 1901; Act of May 26, 2009, 81st Leg., R.S., ch. 680, 2009 Tex. Gen. Laws 1512. The Estates Code and the repeal of the Texas Probate Code took effect January 1, 2014. Act of May 29, 2011, § 2.55, 2011 Tex. Gen. Laws at 3936; Act of May 19, 2011, § 4.03, 2011 Tex. Gen. Laws at 2095; Act of May 26, 2009, § 12, 2009 Tex. Gen. Laws at 1732. Sections 232 and 233 of the probate code have been codified as sections 351.102, 351.151, 351.152, and 351.153 of the estates code.

property to [Stanton as executor] that were accounts for the decedent and/or . . . Nash." Stanton asked that the probate court hold Nash in contempt of court, compel him to deliver the financial records and personal property, and impose sanctions against Nash including Stanton's attorney's fees. On November 19, 2013, the trial court signed an order for Nash to appear and respond to the motion to show cause.

On December 19, 2013, Nash filed a special appearance. On January 14, 2014, before the court had ruled on Nash's special appearance, the trial court held a hearing on Shelton's motion to show cause.[3] Nash's attorney was present at the hearing and stated he was "making a special appearance on behalf of Monty [sic] Nash." After Stanton's attorney presented argument on her motion, Nash's attorney reminded the court that Nash had filed a special appearance and challenged the court's jurisdiction over Nash, and he told the court he could not address the motion to show cause until the court ruled on the special appearance. The court then stated it denied the special appearance because Nash had previously appeared in the action. The next day, January 15, 2014, the trial court signed an order denying Nash's special appearance. Nash did not request and the trial court did not make findings of fact and conclusions of law.

## SPECIAL APPEARANCE

In his three issues, Nash contends the trial court erred by denying his special appearance.

### Standard of Review

Whether a trial court has personal jurisdiction over a nonresident defendant is a question of law. *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 790–91 (Tex. 2005); *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). Because the trial

---

[3] The reporter's record for the hearing shows the hearing was on Stanton's motion to compel discovery and the motion to show cause. The motion to compel discovery is not in the appellate record.

court's exercise of personal jurisdiction over a nonresident defendant is one of law, an appellate court reviews the trial court's determination of a special appearance de novo. *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 574 (Tex. 2007); *BMC Software*, 83 S.W.3d at 794. However, the trial court must frequently resolve fact questions before deciding the jurisdictional question. *BMC Software*, 83 S.W.3d at 794; *Capital Tech. Info. Servs., Inc. v. Arias & Arias, Consultores*, 270 S.W.3d 741, 748 (Tex. App.—Dallas 2008, pet. denied) (en banc). In a special appearance, the trial court is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Leesboro Corp. v. Hendrickson*, 322 S.W.3d 922, 926 (Tex. App.—Austin 2010, no pet.). We do not "disturb a trial court's resolution of conflicting evidence that turns on the credibility or weight of the evidence." *Ennis v. Loiseau*, 164 S.W.3d 698, 706 (Tex. App.—Austin 2005, no pet.). When a trial court does not issue findings of fact or conclusions of law, "all facts necessary to support the judgment and supported by the evidence are implied." *BMC Software*, 83 S.W.3d at 795. We will affirm the trial court's ruling on any legal theory that finds support in the record. *Dukatt v. Dukatt*, 355 S.W.3d 231, 237 (Tex. App.—Dallas 2011, pet. denied).

The plaintiff bears the initial burden of pleading sufficient allegations to bring a nonresident defendant within the provisions of the Texas long-arm statute. *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 658 (Tex. 2010); *Moki Mac*, 221 S.W.3d at 574. The nonresident defendant then has the burden of negating all bases of jurisdiction alleged in the plaintiff's petition. *Kelly*, 301 S.W.3d at 658; *Moki Mac*, 221 S.W.3d at 574.

### Personal Jurisdiction

The Texas long-arm statute permits Texas courts to exercise jurisdiction over nonresident defendants. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 17.041–.045 (Vernon 2008); *PHC–Minden, L.P. v. Kimberly–Clark Corp.*, 235 S.W.3d 163, 166 (Tex. 2007); *BMC Software*, 83

–4–

S.W.3d at 795.  The Texas long-arm statute extends Texas courts' personal jurisdiction "as far as the federal constitutional requirements of due process will permit."  *PHC–Minden*, 235 S.W.3d at 166 (quoting *U–Anchor Adver., Inc. v. Burt*, 553 S.W.2d 760, 762 (Tex. 1977)).

The Due Process Clause of the Fourteenth Amendment operates to limit the power of a state to assert personal jurisdiction over a nonresident defendant.  *Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal., Solano Cnty.*, 480 U.S. 102, 108 (1987); *Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 413–14 (1984).  The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985); *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 294 (1980); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945).  Under the Due Process Clause, personal jurisdiction over a nonresident defendant is constitutional when the nonresident defendant has established minimum contacts with the forum state and the exercise of jurisdiction comports with traditional notions of fair play and substantial justice.  *Burger King*, 471 U.S. at 476; *Int'l Shoe*, 326 U.S. at 316, 320.

If a defendant makes a general appearance, a trial court can exercise jurisdiction over him without violating his due process rights.  *Prosperous Maritime Corp. v. Farwah*, 189 S.W.3d 389, 392 (Tex. App.—Beaumont 2006, no pet.) (citing *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 201 (Tex. 1985)).  A defendant waives a special appearance and makes a general appearance in the case "if it requests affirmative relief inconsistent with its assertion that the trial court lacks personal jurisdiction."  *Exchequer Fin. Group, Inc. v. Stratum Dev., Inc.*, 239 S.W.3d 899, 905 (Tex. App.—Dallas 2007, no pet.); *see Dawson-Austin v. Austin*, 968 S.W.2d 319, 322 (Tex. 1998).

**Analysis**

In his appellant's brief, Nash first argues the trial court erred by denying the special appearance because Stanton did not plead sufficient allegations to bring Nash within the provisions of the Texas long-arm statute. Stanton alleged in the motion to show cause that Nash "has made a general appearance in this matter." Nash's appellant's brief does not address this allegation, and he makes no argument and cites no authority explaining why this allegation was insufficient to meet Stanton's burden of pleading. The trial court has jurisdiction over a defendant who makes a general appearance, and a defendant who makes a general appearance in a proceeding waives its special appearance and suffers no due-process violation from being subject to the court's jurisdiction. *See Exchequer*, 239 S.W.3d at 905; *Prosperous Maritime*, 189 S.W.3d at 392. We conclude Stanton met her pleading burden by alleging Nash "has made a general appearance in this matter."

In his issues on appeal, Nash contends the trial court erred by denying the special appearance because (a) Stanton failed to prove the trial court had general or specific jurisdiction over Nash because Nash did not have sufficient minimum contacts with Texas and (b) because the exercise of jurisdiction over Nash in Texas would not comport with traditional notions of fair play and substantial justice. However, at oral argument before this Court, Nash's counsel conceded that Nash made a general appearance in the probate proceeding by participating in and requesting relief in the probate proceeding. Accordingly, Nash waived his special appearance. *Exchequer*, 239 S.W.3d at 905.

Nash asserts in his reply brief that his general appearance in the probate proceeding did not waive his special appearance as to the motion to show cause because the motion to show cause was severable from the probate proceeding, and rule 120a of the Texas Rules of Civil Procedure allows a party to bring a special appearance "as to an entire proceeding or as to any

–6–

severable claim involved therein." TEX. R. CIV. P. 120a(1). Nash had the burden in the trial court of negating all bases of jurisdiction alleged in Stanton's petition. *See Moki Mac*, 221 S.W.3d at 574; *BMC Software*, 83 S.W.3d at 793. Stanton alleged in her motion to show cause that Nash had generally appeared. Nash had the burden of negating that allegation. Nash's allegations in his special appearance went only to whether he had minimum contacts with Texas. Whether a defendant has minimum contacts is relevant only when the defendant has not made a general appearance. *See Exchequer*, 239 S.W.3d at 905; *Prosperous Maritime*, 189 S.W.3d at 392. Nash's special appearance did not address whether he had generally appeared in the litigation. Nash presented no evidence or argument before the trial court regarding Stanton's allegation that Nash had generally appeared, and he did not assert in the trial court that his general appearance in the probate proceeding did not bar his special appearance to the motion to show cause because the motion to show cause was severable.

Rule 33.1(a) of the rules of appellate procedure requires that a prerequisite to a party's presenting a complaint for appellate review is that the record show the party presented the complaint to the trial court and that the trial court ruled on the complaint. TEX. R. APP. P. 33.1(a). The complaint must be sufficiently specific to make the trial court aware of the complaint unless the grounds were apparent from the context. TEX. R. APP. P. 33.1(a)(1)(A). In this case, none of Nash's filings with the trial court or his argument before the trial court at the hearing raised the contention that the severability of the motion to show cause permitted Nash to specially appear in the motion to show cause even though he had generally appeared in the probate proceeding. Also, Nash presented this issue for the first time on appeal in his reply brief. An appellant may not present issues for the first time in a reply brief. *Cebcor Serv. Corp. v. Landscape Design & Constr., Inc.*, 270 S.W.3d 328, 334 (Tex. App.—Dallas 2008, no pet.); *Dallas County v. Gonzales*, 183 S.W.3d 94, 104 (Tex. App.—Dallas 2006, pet. denied).

Accordingly, we conclude Nash did not preserve this argument for appellate review, and we do not address it.

Nash also argues the trial court erred by ruling on the special appearance before holding a hearing on the special appearance. Although Nash objected, belatedly, to the trial court considering the motion to show cause before the court had ruled on the special appearance, Nash did not object to the trial court's ruling on the special appearance without a hearing. Accordingly, Nash did not preserve any error for appellate review. *See* TEX. R. APP. P. 33.1. Although Nash noted in the fact statement of his appellant's brief that the court ruled on the special appearance before holding a hearing on it, the first time on appeal that Nash contended the lack of a hearing was error was in his reply brief. Issues may not be raised for the first time in a reply brief. *Cebcor*, 270 S.W.3d at 334; *Gonzales*, 183 S.W.3d at 104. Accordingly, Nash did not preserve this argument for appellate review, and we do not address it.

We overrule Nash's three issues.

## DAMAGES FOR FRIVOLOUS APPEAL

Stanton asserts she should be awarded damages under Texas Rule of Appellate Procedure 45 because Nash's appeal is frivolous. After considering the record, briefs, and other papers filed in this Court, we may award damages to a prevailing party if we objectively determine that an appeal is frivolous. TEX. R. APP. P. 45;[4] *Owen v. Jim Allee Imports, Inc.*, 380 S.W.3d 276, 290 (Tex. App.—Dallas 2012, no pet.). An appeal is frivolous when the record, viewed from the

---

[4] Rule 45 provides,

> If the court of appeals determines that an appeal is frivolous, it may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award each prevailing party just damages. In determining whether to award damages, the court must not consider any matter that does not appear in the record, briefs, or other papers filed in the court of appeals.

TEX. R. APP. P. 45.

perspective of the advocate, does not provide reasonable grounds for the advocate to believe that the case could be reversed. *Id.* The decision to grant appellate sanctions is a matter of discretion that an appellate court exercises with prudence and caution and only after careful deliberation. *Id.* Although imposing sanctions is within our discretion, we will do so only in circumstances that are truly egregious. *Id.*

In this case, Nash's appeal is frivolous. Nash's special appearance did not address the ground for jurisdiction alleged in Stanton's motion to show cause, that Nash had made a general appearance in the matter. Nash failed to preserve for appellate review his argument that the general appearance in the probate proceeding did not waive his special appearance in the motion to show cause because the motion to show case was severable, and he failed to preserve his argument that the trial court erred by denying his special appearance before holding a hearing on the special appearance. Viewing the record from the perspective of an advocate, we do not see any reasonable grounds for an advocate to believe the case could be reversed. We conclude the appeal is objectively frivolous.

Having found the appeal is frivolous, we must determine whether the circumstances are "truly egregious." Nash's appellant's brief made no mention of the fact that he had generally appeared in the probate proceeding, a necessary factor in determining a special appearance when the plaintiff has alleged the defendant generally appeared, and the brief did not mention Nash's participation and request for relief in the probate proceeding. Due to the frivolousness of this appeal combined with Nash's lack of candor with this Court in his briefing, we conclude this case warrants the award of damages. As this Court has stated,

> We will not permit spurious appeals, which unnecessarily burden parties and our already crowded docket, to go unpunished. Such appeals take the court's attention from appeals filed in good faith, wasting court time that could and should be devoted to those appeals. No litigant has the right to put a party to

–9–

needless burden and expense or to waste a court's time that would otherwise be spent on the sacred task of adjudicating the valid disputes of Texas citizens.

*Owen*, 380 S.W.3d at 291 (quoting *Bradt v. West*, 892 S.W.2d 56, 79 (Tex. App.—Houston [1st Dist.] 1994, writ denied)).

Stanton did not present any evidence of the damages she suffered as a result of the frivolous appeal. She states in her brief that "'just damages' should be, at a minimum, the $7000 Appellee has expended in appellate attorney's fees and costs." However, Stanton has not filed any evidence with this Court to support this amount of damages. Accordingly, we deny Stanton's request for damages for the frivolous appeal, but we grant him leave to file within ten days of this opinion a request for damages under rule 45 with evidence to support the amount of damages incurred.

## CONCLUSION

We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

140128F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ESTATE OF ARDYCE DEUEL-NASH, DECEASED

No. 05-14-00128-CV

On Appeal from the Probate Court No. 1, Dallas County, Texas
Trial Court Cause No. PR 13-682-1.
Opinion delivered by Justice Myers. Justices Francis and Thomas participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Jennifer Stanton recover her costs of this appeal from appellant Monte Nash.

Judgment entered this 4th day of November, 2014.