**Affirmed and Opinion Filed July 17, 2024**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-23-01065-CV

**SMITH & NEPHEW PLC AND SMITH & NEPHEW ORTHOPAEDICS LTD., Appellants**
**V.**
**MARY STEWART HOOTON HARDIN AND GEORGE TIMOTHY HARDIN, Appellees**

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-04472**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Carlyle
Opinion by Justice Partida-Kipness

Appellants Smith & Nephew plc (PLC) and Smith & Nephew Orthopaedics Ltd. (SNOL) appeal the trial court's denial of their special appearance. In two issues, Appellants contend the trial court erred in denying the special appearance because: (1) Appellants did not avail themselves of the law or benefits of Texas, and the trial court's exercise of personal jurisdiction over them offends traditional notions of fair play, substantial justice, and due process; and (2) any deficiencies in the special appearance were procedural technicalities. We affirm.

## BACKGROUND

This lawsuit suit arises from a metal-on-metal hip replacement Appellee Mary Stewart Hooton Hardin underwent in 2010. Dallas-area surgeon Dr. Kurt Rathjen performed the surgery at Baylor University Medical Center in Dallas. The surgery involved the implantation of several metal components manufactured by SNOL. Hardin claims that over time, the components caused metal-on-metal wear, generating metal debris that caused numerous side effects and injuries. Hardin underwent surgical revision of the components in 2022.

Hardin and her husband sued PLC, SNOL, Smith & Nephew, Inc. (SNI), and others in Dallas County. PLC and SNOL are foreign entities organized in the United Kingdom. SNI is a foreign corporation organized under Delaware law but with a principal place of business in Tennessee.[1] Generally, Hardin alleged the Smith & Nephew entities defectively designed, manufactured, and marketed the metal-on-metal components Dr. Rathjen implanted in her hip. Hardin alleged the entities blurred their distinct forms and operated together as a single entity.

More specifically, Hardin alleged SNOL manufactured the medical components and took an active role in securing FDA approval. Hardin also claimed SNOL and PLC were involved in selecting U.S. surgeons, including Dr. Rathjen, to receive training from SNOL on use of the devices. Hardin alleged PLC sent agents and employees to the U.S. to control decisions related to the sale or marketing of hip

---

[1] SNI did not challenge personal jurisdiction at the trial court and is not an appellant here.

–2–

implants. Hardin claimed SNOL directed the marketing plan for Smith & Nephew's hip devices and interacted with Texas SNI employees, sales representatives, and distributors about selling the devices at issue. According to Hardin, SNOL contacted Dr. Rathjen specifically and told Dallas doctors the medical components could be used in total hip arthroplasties. Hardin claimed SNOL executives came to Texas to purposefully sell the components used in Hardin's surgery. Hardin further alleged SNOL worked directly with a sales representative defendant to deceive Dr. Rathjen regarding the use of the hip components. Hardin claimed the Smith & Nephew entities met with local surgeons and hospitals and arranged for Dr. Rathjen and another Dallas surgeon to have a North Texas monopoly on the devices. Hardin brought claims against the Smith & Nephew entities sounding in negligence, strict liability, and fraud, among others.

Appellants filed a special appearance contesting personal jurisdiction. The special appearance was not sworn or verified and had nothing attached to dispute Hardin's jurisdictional allegations. Approximately one year later, after Hardin amended her petition, Appellants filed their amended special appearance. This amended special appearance was also not verified or sworn. Therein, Appellants asserted PLC and SNOL are companies organized and domiciled in the U.K. According to Appellants, PLC is the parent company of SNOL and SNI, but nothing more than a holding company. Appellants asserted PLC does not manufacture, sell, or distribute medical devices, does not own property in Texas or have employees

there, and does not do any business in Texas. Appellants similarly claimed SNOL does not own Texas property or do business there. While SNOL admitted it manufactured the medical devices at issue, it contended those activities took place in the U.K. According to Appellants, SNOL sold the devices to SNI, who was the entity responsible for the sale and distribution of the devices in the U.S., including Texas. Ultimately, PLC and SNOL argued they did not purposefully avail themselves of the laws and benefits of Texas and exercising jurisdiction over them would not comport with fair play and substantial justice. Appellants attached declarations from current and former employees of PLC, SNOL, and SNI in support of the amended special appearance.

Hardin responded, asserting Appellants failed to comply with Rule 120a's requirements that special appearances must be sworn.[2] Hardin also contended the declarations attached to the amended special appearance suffered numerous deficiencies, including that the declarations were from a different suit and the declarants failed to demonstrate personal knowledge. Hardin also attacked the substance of the amended special appearance and asserted the court had personal jurisdiction over Appellants because they purposefully directed the marketing and use of their products in the U.S., including Texas. Hardin attached various evidence to support her jurisdictional allegations.

---

[2] *See* TEX. R. CIV. P. 120a.1.

—4—

Appellants replied and attached two verifications from PLC and SNOL employees to attempt to cure the deficiencies in the amended special appearance Hardin alleged. After a hearing, the trial court denied Appellants' initial and amended special appearances. This interlocutory appeal followed.

## STANDARD OF REVIEW

Whether a trial court has personal jurisdiction over a nonresident defendant is a question of law we review de novo. *Old Republic Nat'l Title Ins. Co. v. Bell*, 549 S.W.3d 550, 558 (Tex. 2018). When, as here, the trial court did not issue findings of fact and conclusions of law, all relevant facts necessary to support the judgment and supported by evidence are implied. *Id.* When jurisdictional facts are undisputed, whether those facts establish jurisdiction is a question of law. *Id.* The trial court's implied findings may be challenged for legal and factual sufficiency on appeal. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). This court must affirm the trial court's ruling on a special appearance on any legal theory finding support in the record. *Dukatt v. Dukatt*, 355 S.W.3d 231, 237 (Tex. App.—Dallas 2011, pet denied).

## ANALYSIS

In two issues on appeal, Appellants contend the trial court erred in denying the special appearance because: (1) Appellants did not avail themselves of the law or benefits of Texas, and the trial court's exercise of personal jurisdiction over them offends traditional notions of fair play, substantial justice, and due process; and (2)

any deficiencies in the special appearance were procedural technicalities. We begin with the second issue, which is dispositive.

## I.     The Trial Court Did Not Err in Denying the Special Appearance

### A.     Rule 120a - Special appearance

Rule 120a permits a party to make a special appearance to object to the court's jurisdiction over that person. TEX. R. CIV. P. 120a.1. The special appearance "shall" be made by sworn motion. *Id.* Affidavits filed in support of a special appearance "shall be made on personal knowledge, shall set forth specific facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify." TEX. R. CIV. P. 120a.3. A party may cure a deficient special appearance. TEX. R. CIV. P. 120a.1

When the affidavits attached to special appearance pleadings do not state that the facts set out in the pleadings are true and correct, and state only that the facts in the affidavits are true and correct, the affidavits do not verify the special appearance. *Casino Magic Corp. v. King*, 43 S.W.3d 14, 18, (Tex. App.—Dallas 2001, pet. denied); *Prosperous Mar. Corp. v. Farwah*, 189 S.W.3d 389, 392–93 (Tex. App.—Beaumont 2006, no pet.). Rule 120a requires strict compliance and therefore, a trial court does not err in denying an unsworn special appearance. *Kytel Int'l Grp., Inc. v. Rent-A-Ctr., Inc.*, 132 S.W.3d 717, 719 (Tex. App.—Dallas 2004, no pet.) (citing *Casino Magic* 43 S.W.3d at 18).

**B. Application**

Here, Appellants filed a special appearance in August 2022. That motion was unsworn and unsupported by any affidavit. A year later, Appellants filed an amended special appearance. The amended special appearance did not contain a verification attesting to the truth of the statements therein. *See Andrews v. Stanton*, 198 S.W.3d 4, 8 (Tex. App.—El Paso 2006, no pet.) (a verification is "[a] formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document.") (citing BLACK'S LAW DICTIONARY (7th Ed. 1999)). Instead, Appellants attached declarations from five current or former employees of the Smith & Nephew entities: Sarah Carne (PLC); John Clausen (SNI); Timothy Band (SNOL); Jason Sells (SNI); and Bettina Thomas (SNI).

The amended special appearance references, but does not incorporate, the declarations attached thereto. Meanwhile, the declarants do not reference the amended special appearance, do not affirm they had read the amended special appearance, and do not state the factual statements therein are true and correct. Indeed, the captions of the declarations indicate they are from a different Dallas County case, styled *Frances Ann Standridge et al. v. Smith & Nephew, Inc., et al.*, No. DC-21-02106.

The substance of the declarations also reveal they are directed at the allegations in the *Standridge* suit. For example, Sarah Carne states: "Smith &

Nephew plc does not conduct business related to the hip components allegedly received by Plaintiffs, Frances Ann Standridge, Ronal Charles Zwernemann, Sidney Holman Poynter, and Richard Allen Berry, ('the Components')." Carne then goes on to declare PLC was not involved in the manufacture, design, sale, etc. of the "Components." Similar statements can be found in the Clausen and Band declarations regarding SNI and SNOL.

Furthermore, each of the declarations were signed in mid-April 2023, four months *before* the amended special appearance was filed in this case, raising significant questions as to whether the declarants had read the amended special appearance, or had any personal knowledge of the jurisdictional assertions therein or of the facts of *this* case. Appellants relied heavily on these declarations in their amended special appearance to support and dispute jurisdictional facts.

Appellants assert *Standridge* involves "nearly identical jurisdictional allegations" in the plaintiffs' pleadings and "the same jurisdictional facts set forth in the declarations in *Standridge* support the Special Appearance in this case." However, Appellants cite no portion of the record or authority to support this assertion. None of the declarations avers the jurisdictional allegations in Hardin's case are "nearly identical" to the *Standridge* suit, nor are relevant *Standridge* pleadings in our record. We will not assume facts unsupported by the record. *Unifund CCR Partners v. Weaver*, 262 S.W.3d 796, 797 (Tex. 2008) ("[W]e do not consider factual assertions that appear solely in briefs and are not supported by the

record."). Instead, we are required to imply facts in support of the judgment when supported by the record. *Bell*, 549 S.W.3d at 558. Furthermore, neither the trial court nor this Court are required to sift through the declarations to guess which statements are true for this case, as opposed to *Standridge*.

While the declarations state that the facts therein are true and correct, none of them states the facts set out in the special appearance are true and correct. And, the declarations contain anomalies calling into question the veracity of the amended special appearance. Accordingly, the declarations do not verify the special appearance. *Casino Magic*, 43 S.W.3d at 18. Under this record, we cannot conclude—based on the declarations attached to the amended special appearance—the pleading was sworn within the meaning of Rule 120a.[3]

After Hardin asserted the amended special appearance was unsworn/unverified and therefore, ineffective, Appellants attempted to cure the defects by attaching two verifications to their reply brief at the trial court. Sarah

---

[3] We have previously considered a special appearance "sworn" despite the absence of a verification. *See Brady v. Kane*, No. 05-18-01105-CV, 2020 WL 2029245, at *4 (Tex. App.—Dallas Apr. 28, 2020, no pet.) (mem. op.). However, the defendant there incorporated her prior verified special appearance into her supplemental special appearance. And, the plaintiff did not identify any jurisdictional facts not repeated and sworn to by the defendant in her affidavits or her verified special appearance. In contrast, the declarations and verifications Appellants submitted in support of the amended special appearance suffer from numerous irregularities and deficiencies. This record does not support an outcome similar to *Brady*.

Our conclusion is not based on Hardin's assertions below that Appellants' declarations were not sworn because they were not made before a notary. Appellants argued the Civil Practice and Remedies Code permits an unsworn declaration as an alternative to a sworn affidavit signed before a notary. *See* TEX. CIV. PRAC. & REM. CODE 132.001. On appeal, Hardin appears to concede the statute permits the declarations without notarization but maintains the content of the declarations render the special appearance defective.

Carne submitted a verification on behalf of PLC. Simon Charles Clement Tarry submitted a verification on behalf of SNOL. Both Carne's and Tarry's verifications state the declarant had read the amended special appearance. However, like the prior declarations, the verifications are dated four months *prior* to the amended special appearance's filing, raising questions as to their truth. Indeed, Appellants admit the verifications were taken from the *Standridge* case. Furthermore, each declarant states, as to the respective entity:

> I have read Smith & Nephew plc and Smith & Nephew Orthopaedics, Ltd.'s Amended Special Appearance. Although *I do not have personal knowledge of all the information set forth therein*, as to the statements regarding [Smith & Nephew plc/Smith & Nephew Orthopaedics Ltd.], *I have consulted persons that do have personal knowledge* of the information set forth therein or consulted documents pertinent to the information set forth therein, and all statements therein regarding [Smith & Nephew plc/Smith & Nephew Orthopaedics, Ltd.] are true and correct *based upon my information and belief*.

(emphasis added).

An affidavit not based on personal knowledge is not competent evidence. *360-Irvine, LLC v. Tin Star Dev., LLC*, No. 05-14-00412-CV, 2015 WL 3958509, at *4 (Tex. App.—Dallas June 30, 2015, no pet.) (mem. op.) (citing *Neel v. Tenet HealthSystem Hosp. Dallas, Inc.*, 378 S.W.3d 597, 608 (Tex. App.—Dallas 2012, pet. denied); *Southtex 66 Pipeline Co. v. Spoor*, 238 S.W.3d 538, 542–43 (Tex. App.—Houston [14th Dist.] 2007, pet. denied)). An affidavit must disclose the basis on which the affiant has personal knowledge of the facts to which he attests. *Id.* (citing *Radio Station KSCS v. Jennings*, 750 S.W.2d 760, 762 (Tex. 1988)).

Additionally, an affidavit must positively and unqualifiedly represent the "facts" stated therein to be true. *Id.* (citing *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984)). Statements that are equivocal or are based on the affiant's "best knowledge" and "belief" do not indicate the affiant has personal knowledge. *Id.* (citing *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996); *In re Dobbins*, No. 05–07–01094–CV, 2007 WL 2501365, at *1 (Tex. App.–Dallas Sep. 6, 2007, orig. proceeding)).

Carne's and Tarry's verifications suggest second- or third-hand knowledge and contain the kind of weak and equivocal statements ("based upon my information and belief") suggesting the declarants lack personal knowledge. *See Humphreys v. Caldwell*, 888 S.W.2d 469, 470-71 (Tex. 1994) (affiant's statements based on his "own personal knowledge and/or knowledge which he has been able to acquire upon inquiry" failed to unequivocally show the affidavits were based on personal knowledge and were thus legally invalid); *360-Irvine*, 2015 WL 3958509, at *4. Accordingly, these verifications did not cure the defective amended special appearance.

Again, Rule 120a requires strict compliance, and we are required to affirm a trial court's ruling on a special appearance on any legal theory supported by the record. *Kytel Int'l Grp.*, 132 S.W.3d at 719; *Dukatt*, 355 S.W.3d at 237. The record demonstrates the special appearance was defective under Rule 120a because it was not sworn, and we are required to affirm that ruling on appeal. *See Dukatt*, 355

S.W.3d at 237. Because the amended special appearance is not sworn as required by Rule 120a, the trial court did not err in denying the special appearance. *Casino Magic*, 43 S.W.3d at 18; *Kytel Int'l Grp.*, 132 S.W.3d at 719. Accordingly, we overrule Appellants' second issue. Our resolution of this issue obviates consideration of Appellants' first issue. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

The trial court did not err in denying Appellants' special appearance. Appellants did not comply with Rule 120a's strict requirement of a sworn motion, and we are required to affirm the trial court's denial of the special appearance on any legal theory finding support in the record. Accordingly, we affirm the trial court's judgment.

/Robbie Partida-Kipness/

ROBBIE PARTIDA-KIPNESS
JUSTICE

231065F.P05

–12–



# Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

SMITH & NEPHEW PLC AND
SMITH & NEPHEW
ORTHOPAEDICS LTD., Appellants

No. 05-23-01065-CV     V.

MARY STEWART HOOTON
HARDIN AND GEORGE
TIMOTHY HARDIN, Appellees

On Appeal from the 298th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-22-04472.
Opinion delivered by Justice Partida-
Kipness. Justices Pedersen, III and
Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees MARY STEWART HOOTON HARDIN AND GEORGE TIMOTHY HARDIN recover their costs of this appeal from appellants SMITH & NEPHEW PLC AND SMITH & NEPHEW ORTHOPAEDICS LTD.

Judgment entered this 17th day of July, 2024.