# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00845-CV

---

**Rob McCready, Appellant**

**v.**

**Joel Mayor and Beth Mayor, Appellees**

---

### FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-21-001918, THE HONORABLE MADELEINE CONNOR, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Rob McCready, a California resident sued by appellees Joel and Beth Mayor for breach of contract involving a vacation rental property in California, appeals from the district court's order denying his special appearance. In a single issue on appeal, McCready argues that the district court erred in denying his special appearance because the district court lacked personal jurisdiction over McCready. We conclude that the record does not support the district court's exercise of personal jurisdiction over McCready. Accordingly, we will reverse the district court's denial of the special appearance and render judgment dismissing the suit against McCready.

## BACKGROUND

In their April 2021 petition, the Mayors, who reside in Texas, alleged that on November 9, 2020, they booked through VRBO a vacation rental property located in South Lake

Tahoe, California (the Rental), for December 17 through December 23, 2020. However, due to the then-existing COVID-19 pandemic and the resulting government-mandated lockdown in California, specifically the area where the Rental was located, the Mayors were prohibited by law from staying at the Rental. The Mayors further alleged that they entered into a rental agreement with McCready, the property owner, and that pursuant to that agreement, they paid McCready approximately $3,182 but have not received a refund of that payment, other than a security deposit in the amount of $500. Based on these allegations, the Mayors brought a single cause of action against McCready for breach of contract.

McCready did not answer the petition, and the Mayors obtained a default judgment against him. After McCready filed a notice of restricted appeal, this Court reversed the default judgment and remanded for a new trial, concluding that the record did not affirmatively show strict compliance with the statutory service requirements, rendering service defective. *See McCready v. Mayor*, No. 03-22-00322-CV, 2023 WL 4495222, at *1 (Tex. App.—Austin July 13, 2023, no pet.) (mem. op.).

On remand, McCready filed a special appearance, contending that the district court did not have jurisdiction and that the exercise of jurisdiction by the court over him would offend traditional notions of fair play and substantial justice, depriving McCready of due process of law. The district court held a hearing on the motion, at which no witnesses testified but documentary evidence was admitted, including a copy of the Mayors' petition, McCready's interrogatory responses, and McCready's declaration.

In the interrogatory responses, McCready identified two rental properties that he had owned, purchased, and / or sold in the past five years, both located in California, and identified AirBnB.com and VRBO as the methods by which he had advertised and marketed those properties.

2

When asked to identify any and all Texas residents with whom he had entered into rental agreements in the past five years, McCready stated, "Only the Plaintiffs – Joel and Beth Mayor." He elaborated,

> In the last five years, other than the Mayors, no other Texas residents that I know of leased any of my properties. I have no preference regarding the residencies of prospective tenants one way or the other. I otherwise relied on VRBO and AirBnB.com to find tenants, some of which are in different states. Moreover, I have not placed ads directly in any Texas medium and rely on VRBO and AirBnB.com.

When asked to describe the process by which he determined the people to whom he rented his properties, McCready stated, "VRBO and AirBnB.com each have their own screening process," with "no known restrictions" on the territory, state, or country from which the people who rent his properties may originate. McCready added, "I rely on their standard policies and otherwise I do not instruct them on business practices."

In his declaration, McCready stated the following:

> "I am currently a resident of California and I have always been a resident of California. I am not a resident of Texas and have never been a resident of Texas. I have never maintained an office in Texas for any business purposes."

> "The only contact that I had with Joel and Beth Mayor was through a general VRBO listing I created in order to lease a residential real property that I own and further described as 976 Lakeview Avenue, South Lake Tahoe, CA 96150 ('Property' herein)."

> "The subject VRBO listing for the Property with Joel and Beth Mayor was not directed to any specific individual or state. Rather, it was directed to any prospective tenant in or outside California for the purposes of renting the Property."

3

"I otherwise do not engage in business in Texas. Moreover, I have never owned real estate in Texas, and I have not ever operated a business in Texas. Finally, I have not visited Texas at any time in the last twenty years."

The evidence also included a copy of the unsigned rental agreement that was attached to the Mayors' petition. The agreement contained provisions specifying that payment, including a security deposit, was due to McCready prior to check-in and that the security deposit was "fully refundable to guest within thirty (30) days [of] contractual termination." The agreement contained no reference to Texas or any other location.

At the conclusion of the hearing, the district court denied the special appearance without explaining the reasons for its ruling. McCready requested findings of fact and conclusions of law, but the district court declined to make any. This appeal followed.

## STANDARD OF REVIEW

"A court must have both subject matter jurisdiction over a case and personal jurisdiction over the parties to issue a binding judgment." *Luciano v. SprayFoamPolymers.com, LLC*, 625 S.W.3d 1, 7-8 (Tex. 2021) (citing *Spir Star AG v. Kimich*, 310 S.W.3d 868, 871 (Tex. 2010)). "Personal jurisdiction involves a court's ability to bind a particular party to that judgment." *Id.* at 8 (citing *CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996)). "Whether a court may exercise power over a party is a question of law, which we review de novo." *Id.* (citing *Spir Star*, 310 S.W.3d at 871). "Resolving this question of law, though, may require a court to decide questions of fact." *Id.* (citing *American Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002)). "When, as here, the trial court does not issue findings of fact and conclusions of law with its judgment, we presume all factual disputes were resolved in favor of the trial court's decision unless they are challenged on appeal." *Id.* Similarly, "we imply all relevant facts

4

necessary to support the judgment that are supported by evidence." *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 414 S.W.3d 142, 150 (Tex. 2013). However, when the appellate record includes the reporter's and clerk's records, implied findings are not conclusive and may be challenged for legal and factual sufficiency on appeal. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002).

"The plaintiff bears the initial burden of pleading allegations sufficient to confer jurisdiction." *Luciano*, 625 S.W.3d at 8 (citing *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 575 (Tex. 2007)). "If the plaintiff fails to plead facts bringing the defendant within reach of the long-arm statute," then "the defendant need only prove that it does not live in Texas to negate jurisdiction." *Kelly v. General Interior Constr., Inc.*, 301 S.W.3d 653, 658-59 (Tex. 2010).

If, on the other hand, the plaintiff meets its initial burden, "[t]he burden then shifts to the defendant to negate all bases of jurisdiction in the allegations." *Luciano*, 625 S.W.3d at 8. "A defendant can negate jurisdiction either legally or factually." *TV Azteca v. Ruiz*, 490 S.W.3d 29, 36 n.4 (Tex. 2016) (citing *Kelly*, 301 S.W.3d at 659). "Legally, the defendant can show that the plaintiff's alleged jurisdictional facts, even if true, do not meet the personal jurisdiction requirements." *Id*. "Factually, the defendant can present evidence that negates one or more of the requirements, controverting the plaintiff's contrary allegations." *Id*. "The plaintiff can then respond with evidence supporting the allegations." *Id*. "If the parties present conflicting evidence that raises a fact issue, we will resolve the dispute by upholding the trial court's determination." *Id*. (citing *Retamco Operating, Inc. v. Republic Drilling Co.,* 278 S.W.3d 333, 337 (Tex. 2009); *BMC Software Belg., N.V.*, 83 S.W.3d at 795).

**APPLICABLE LAW**

"Texas courts may assert personal jurisdiction over a nonresident if (1) the Texas long-arm statute authorizes the exercise of jurisdiction and (2) the exercise of jurisdiction is consistent with federal due-process guarantees." *Luciano*, 625 S.W.3d at 8 (citing *TV Azteca*, 490 S.W.3d at 36). The Texas long-arm statute permits Texas courts to exercise jurisdiction over a nonresident "doing business" in Texas, which includes "contract[ing] by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state." Tex. Civ. Prac. & Rem. Code § 17.042(1). The long-arm statute's broad "doing business" language allows the statute to reach as far as the federal constitutional requirements of due process will allow. *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991); *Leesboro Corp. v. Hendrickson*, 322 S.W.3d 922, 926 (Tex. App.—Austin 2010, no pet.).

"Consistent with federal due-process protections, a state may assert personal jurisdiction over a nonresident defendant only if the defendant has established 'minimum contacts' with the forum state such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Luciano*, 625 S.W.3d at 8 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "A defendant's contacts with the forum can give rise to either general or specific jurisdiction." *Id.* at 8. "A court has general jurisdiction over a nonresident defendant whose 'affiliations with the State are so "continuous and systematic" as to render [it] essentially at home in the forum State.'" *Id.* (quoting *TV Azteca*, 490 S.W.3d at 37). "By contrast, specific jurisdiction 'covers defendants less intimately connected with a State.'" *Id.* (quoting *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1022 (2021)). "The minimum contacts necessary for specific jurisdiction are established if the defendant purposefully

6

avails itself of the privilege of conducting activities in the forum state, and the suit 'arise[s] out of or relate[s] to the defendant's contacts with the forum.'" *Id*. at 8-9 (citations omitted).

The "touchstone of jurisdictional due process [is] 'purposeful availment.'" *Spir Star*, 310 S.W.3d at 873 (alteration in original) (quoting *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 784 (Tex. 2005)). "There must be 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Luciano*, 625 S.W.3d at 9 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

"[T]here are three parts to a 'purposeful availment' inquiry." *Moki Mac*, 221 S.W.3d at 575. "First, only the defendant's contacts with the forum are relevant, not the unilateral activity of another party or a third person." *Id*. "Second, the contacts relied upon must be purposeful rather than random, fortuitous, or attenuated." *Id*. "Finally, the 'defendant must seek some benefit, advantage or profit by "availing" itself of the jurisdiction.'" *Id*. (quoting *Michiana*, 168 S.W.3d at 785). "Where the defendant has 'deliberately' engaged in significant activities within a state, he 'manifestly has availed himself of the privilege of conducting business there.'" *Luciano*, 625 S.W.3d at 9 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985)).

## ANALYSIS

McCready first argues that the Mayors failed to plead jurisdictional facts sufficient to bring him within the scope of the Texas long-arm statute. However, "[t]he pleading requirement is minimal," *Gaddy v. Fenenbock*, 652 S.W.3d 860, 871 (Tex. App.—El Paso 2022, no pet.), and can be satisfied by an allegation that a nonresident defendant is "doing business" in Texas, *Siemens*

7

*AG v. Houston Cas.*, 127 S.W.3d 436, 440 (Tex. App.—Dallas 2004, pet. dism'd). Here, the Mayors alleged that McCready is "conducting business in Texas." More specifically, they alleged that they paid McCready $3,182.80 pursuant to a rental agreement and that he "breached the terms of the Agreement between Defendant and Plaintiffs, to the harm and detriment of Plaintiffs, by taking Plaintiffs' payment but failing to perform under the Agreement or otherwise return Plaintiffs' payment." We conclude that these allegations were sufficient to bring McCready within the scope of the Texas long-arm statute. Thus, the burden shifted to McCready to negate all bases of jurisdiction alleged by the Mayors.

In this case, the Mayors concede that the record does not support a finding of general jurisdiction and that specific jurisdiction is the only possible basis on which the district court may exercise jurisdiction over McCready. The Mayors argue that specific jurisdiction exists here because McCready (1) entered into a rental agreement with the Mayors, who are Texas residents, and accepted payment from Texas; (2) advertised his property for rent online, which resulted in the execution of the agreement with Texas residents; and (3) sought and obtained a benefit or profit under the agreement, specifically the security deposit and rental payment.

These facts are not sufficient to establish specific jurisdiction. "Merely contracting with a Texas resident does not satisfy the minimum contacts requirement." *Internet Advert. Grp., Inc. v. Accudata, Inc.*, 301 S.W.3d 383, 389 (Tex. App.—Dallas 2009, no pet.) (citing *Burger King*, 471 U.S. at 478). To establish purposeful availment of the forum state, "we look to such factors as prior negotiations, contemplated future consequences, terms of the contract and the parties' actual course of dealing to determine whether the defendant purposefully established minimum contacts with the forum." *Id.* Similarly, "the mere sale of a product to a Texas resident will not generally suffice to confer specific jurisdiction upon our courts." *Moki Mac*, 221 S.W.3d

8

at 577. "Instead, the facts alleged must indicate that the seller intended to serve the Texas market." *Id.*

Here, the uncontroverted evidence established that the agreement between the parties was for the rental of property located in California and that payment for the property was to be made to McCready, a California resident. The Mayors emphasize that payment to McCready was made from Texas and that when the contract could no longer be performed, the security deposit was returned to them in Texas. However, these things occurred in Texas because that is where the Mayors happened to reside, which is "merely fortuitous" and does not establish any purposeful availment of Texas by McCready. *See Buffet Partners, L.P. v. Sheffield Square, L.L.C.*, 256 S.W.3d 920, 924 (Tex. App.—Dallas 2008, no pet.) (rejecting contention that agreement to refund security deposit at plaintiff's offices in Texas established specific jurisdiction over defendant; "[t]he fact that the deposit securing [plaintiff's] tenancy in New Mexico would have ultimately been received by the company at its offices in Texas was merely fortuitous and not conduct directed at the state").

Additionally, the Mayors were the only Texas residents to whom McCready had rented his properties in the past five years, and McCready declared that the only contact he had with the Mayors was through a "general VRBO listing." McCready further declared that "[t]he subject VRBO listing for the Property with Joel and Beth Mayor was not directed to any specific individual or state. Rather, it was directed to any prospective tenant in or outside California for the purposes of renting the Property." McCready stated that he had "no preference regarding the residencies of prospective tenants one way or the other," that he "otherwise relied on VRBO and AirBnB.com to find tenants, some of which are in different states," and that he has not "placed ads directly in any Texas medium." The Mayors presented no contrary evidence showing that

9

McCready specifically targeted the Texas market or Texas residents when advertising his California property for rent. Accordingly, McCready's advertising of his property does not establish that he purposefully availed himself of the privilege of conducting business in Texas. *See Michiana*, 168 S.W.3d at 785-86 (explaining that unless defendant "directs" its marketing efforts specifically to Texas, "additional conduct" is required to constitute purposeful availment); *Riverside Exps., Inc. v. B.R. Crane & Equip., LLC*, 362 S.W.3d 649, 655 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (holding that "a business cannot be said to avail itself of the privilege of conducting activity in a particular state" when it engages in "undifferentiated advertising, which is accessible nationally and even internationally").

Based on the record before us, we conclude that the evidence negates the Mayors' allegation that the district court had specific jurisdiction over McCready in this case. As that was the only basis on which the district court could exercise personal jurisdiction over McCready, the district court erred in denying the special appearance.

We sustain McCready's sole issue on appeal.

## CONCLUSION

We reverse the district court's order denying the special appearance and render judgment dismissing the suit against McCready.

_____

Gisela D. Triana, Justice

Before Justices Triana, Kelly, and Crump

Reversed and Rendered

Filed: November 26, 2025

10